CINTRÓN & ABOY, DEMANDANTES, APELADOS Y APELANTES, *v.* SOLÁ, DEMANDADO, APELANTE Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en una acción sobre cobro de dinero.

No. 1106.—Resuelto en abril 6, 1915.

DEUDORES SOLIDARIOS—INTERPRETACIÓN DEL CONTRATO.—En este caso el pagaré dice: "Pagaremos solidariamente a Don Antonio María Sorba o a su orden, etc." y está suscrito por Solá e Hijo y Celestino Solá. *Se resolvió:* que la intención de las partes contratantes, que es la que ha de servir de guía para fijar el alcance de las estipulaciones convenidas, se revela claramente por el texto del pagaré, cuya simple lectura demuestra que Solá e Hijo y Celestino Solá se reconocieron deudores principales de Antonio María Sorba y se obli-

garon solidariamente, aunque según el resultado de las pruebas la deuda se contrajera en beneficio exclusivo de uno solo de los firmantes, o sea de Solá e Hijo.

DOCUMENTO PRIVADO—AUTENTICIDAD—ESCRITURA PÚBLICA.—Cuando la autenticidad de un documento privado no es impugnada, es forzoso admitirla con arreglo al artículo 119 del Código de Enjuiciamiento Civil, y, siendo auténtico tiene el mismo valor que la escritura pública entre los que lo hubiesen suscrito y sus causa-habientes, según el artículo 1193 del Código Civil.

NOVACION—PRÓRROGA PARA EL PAGO DE LA OBLIGACIÓN—DEUDORES SOLIDARIOS— La prórroga otorgada por el acreedor a uno de los deudores solidarios sin variarse el objeto o condiciones principales de la obligación, ni sustituirse por otra la persona de los deudores, no puede estimarse como una novación extintiva de la obligación.

DEUDORES SOLIDARIOS—ACCIÓN.—Según el artículo 1111 del Código Civil cuando existen deudores solidarios el acreedor puede dirigir su acción contra cualquiera de ellos o contra todos simultáneamente.

EXCEPCIONES PREVIAS—EXCEPCIÓN DE FALTA DE CAUSA DE ACCIÓN—COMISIÓN DE COBRANZA—CESIONARIOS.—Alegada la falta de hechos suficientes en la demanda para constituir una causa de acción, fundada en que el endoso del pagaré, sin expresión de fecha, únicamente puede entenderse como una simple comisión de cobranza, no siendo los demandantes dueños del pagaré, sino simples cesionarios subrogados en lugar del cedente, *se resolvió:* que ya se considere el endoso como una comisión de cobranza, ya como una cesión de derechos, existe verdadera causa de acción para el cobro.

MORA—INTIMACIÓN AL ACREEDOR.—Según el artículo 1067, del Código Civil no será necesaria la intimación de un acreedor para que exista la mora, cuando la obligación lo declara expresamente.

ID.—PRÉSTAMO MERCANTIL—INTERESES.—Cuando se trata de un préstamo mercantil, es de aplicación el artículo 316 del Código de Comercio que dispone que los deudores que demoren el pago de sus deudas después de vencidas deberán satisfacer, desde el día siguiente al del vencimiento, el interés pactado, o, en su defecto, el legal.

COSTAS—GASTOS Y HONORARIOS DE ABOGADO—LEY APLICABLE.—Cuando existe convenio entre las partes, la materia de costas, gastos y honorarios de abogado debe regularse por aquél y no por los preceptos del Código de Enjuiciamiento Civil, pues las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse al tenor de las mismas, de acuerdo con lo establecido en el artículo 1058 del Código Civil.

Los hechos están expresados en la opinión.

Abogado de la demandante: *Sr. Juan de Guzmán Benítez.*

Abogado del demandado: *Sr. C. B. Buitrago.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de una acción ejercitada ante la Corte de Distrito de Humacao por la sociedad mercantil Cintrón & Aboy contra Celestino Solá para el cobro de un pagaré.

El pagaré de que se trata, cuya autenticidad ha sido aceptada por ambas partes, inserto en la demanda radicada en 17 de agosto de 1912, dice así:

"Por $6,000, United States Cy. Valor al 30 de marzo de 1911. Pagaremos solidariamente a Don Antonio María Sorba, o a su orden, el día treinta del mes de marzo del año mil novecientos once, la suma de seis mil dollars ($6,000), oro americano, valor recibido a nuestra entera satisfacción, y le entregaremos a su vencimiento en la referida fecha. Dicha suma devengará en caso de demora el interés del doce por ciento anual. Nos sometemos expresamente a los tribunales insulares competentes, y nos obligamos a satisfacer las costas y gastos que el cobro de dicha suma ocasione, incluso los honorarios del abogado del acreedor se valga en su reclamación. Caguas, mayo 31 de 1910. Firmado. 'Solá e Hijo.' Firmado. Celestino Solá. Páguese a la orden de Mateo Rucabado, valor recibido. San Juan, Puerto Rico, 4 de junio de 1912. Firmado. Antonio M. Sorba. Páguese a la orden de 'Cintrón & Aboy,' valor recibido. Firmado. Mateo Rucabado."

Alega la parte demandante como hechos fundamentales de la demanda, que en 31 de mayo de 1910 "Solá e Hijo" y el demandado Celestino Solá celebraron un contrato con Antonio María Sorba en virtud del cual aquéllos se obligaron solidariamente a pagar a Sorba la cantidad de $6,000 con sus intereses, bajo las condiciones que detalladamente se consignan en el pagaré transcrito; que según muestra dicho documento el crédito fué traspasado por Sorba a Don Mateo Rucabado y por Rucabado a Cintrón & Aboy, demandantes; que el capital e intereses de la deuda no han sido satisfechos por ninguno de los dos deudores solidarios, no obstante las gestiones practicadas para ello; y que los intereses adeudados al tipo convenido del 12 por ciento anual importan $960 del 30 de marzo de 1911 en que venció la obligación hasta el 31 de julio de 1912, y $60 los intereses que deben pagarse por cada mes que transcurra desde el 30 de agosto de 1912 hasta el día en que se verifique el pago.

La demanda concluye con la súplica de que se condene al demandado a pagar a la sociedad demandante la cantidad

de $6,000 de capital y $960 de intereses vencidos hasta el 31 de julio de 1912 y los nuevos intereses que se devenguen hasta el día del pago a razón de sesenta dollars cada mes vencido empezando el 31 de agosto de 1912, y las costas y desembolsos que se causen, más $500 para honorarios del abogado de la parte demandante.

. El demandado al contestar la demanda alega que si bien suscribió el pagaré no tuvo intervención alguna en la opera- ción que lo originó, llevada a cabo. únicamente por Solá e Hijo y Antonio María Sorba para beneficio exclusivo de Solá e Hijo, a cuyo ruego expresado por su gestor Marcelino Solá Rodríguez, firmó el documento; que la mercantil Solá e Hijo fué disuelta en 8 de julio de 1911 y Antonio María Sorba, después de esa fecha, sin intervención ni conocimiento del demandado, celebró con el gestor Marcelino Solá Rodríguez un convenio en virtud del cual y mediante pago de intereses pactados entre ellos se prorrogó por determinado tiempo el pagaré; que existía en la ciudad de Caguas una sociedad mercantil Solá e Hijo, S. en C., sin nexo jurídico alguno con la disuelta Solá e Hijo, y Sorba celebró con Marcelino Solá en su carácter de gestor de Solá e Hijo, S. en C., un nuevo convenio prorrogando el pagaré en ausencia y sin conoci- miento del demandado Celestino Solá, quedando así aceptado que la firma Solá e Hijo, S. en C., fuera responsable del pago de los $6,000 importe del pagaré; que Solá e Hijo, S. en C. fué declarada en quiebra por la Corte de Distrito de los Esta- dos Unidos para Puerto Rico en 17 de mayo de 1912 en vir- tud de petición hecha por su gestor Marcelino Solá Rodrí- guez, y en el estado o balance presentado figuró a favor de Sorba el crédito de $6,000 que ahora se reclama; que Sorba había aceptado que la sociedad Solá e Hijo fuera sustituída por Solá e Hijo, S. en C., pues en 3 de junio de 1912, o sea el día antes del endoso del pagaré, para formular su recla- mación en la quiebra de Solá e Hijo, S. en C., suscribió y juró una declaración ante el Notario Carlos B. Buitrago, expresando que la dicha firma en quiebra le adeudaba. $8,000

por dos pagarés, uno de ellos de $6,000, el mismo a que se refiere el presente pleito; y que el repetido pagaré es mercantil y fué endosado después de su vencimiento.

Celebrado el juicio la corte inferior estimó probado que la cantidad de $6,000 a que se refiere el pagaré fué prestada por Sorba a la sociedad mercantil Solá e Hijo para beneficio de esa sociedad; que Marcelino Solá firmó el pagaré como garantizador solidario; que vencido el documento Marcelino Solá como miembro de Solá e Hijo solicitó y obtuvo del acreedor una prórroga que le fué concedida sin conocimiento ni consentimiento del demandado, pero entendiéndose por el acreedor que la misma garantía continuaría; que Marcelino Solá, requerido de pago contestó que no estaba obligado a verificarlo, y que la firma Solá e Hijo está declarada en quiebra sin haber sido satisfecho el montante del pagaré ni por el demandado ni por ninguna persona, habiendo satisfecho los Sres. Solá e Hijo la suma de $600 por razón de intereses vencidos de la obligación.

Ante esas conclusiones de hecho, y estimando la corte aplicables al caso los artículos 1723 y 1111 del Código Civil, pronunció sentencia en 31 de julio de 1913 ordenando que la sociedad mercantil Cintrón & Aboy, recobre del demandado la suma de $6,000 montante del pagaré, más los intereses del 12 por ciento anual a contar desde la fecha de la interposición de la demanda, sin especial condena de costas.

Ambas partes han apelado contra la expresada sentencia, la parte demandada contra la totalidad de la misma, y la parte demandante en cuanto no condena al demandado a pagar los intereses del pagaré desde el 30 de marzo de 1911 en que venció, y las costas y honorarios del abogado.

Alega la parte demandada como motivos del recurso los siguientes:

"*Primero*. Que la corte cometió error al no estimar que la prórroga concedida por el acreedor Sr. Sorba a Solá e Hijo, primero, y a Solá e Hijo, Sociedad en Comandita, después, extinguió la respon-

sabilidad subsidiaria del fiador Celestino Solá por el hecho de tratarse de fianza solidaria.

"*Segundo.* Que la corte cometió error al no estimar que el documento objeto de la reclamación había sido novado por los actos llevados a cabo por el acreedor María Sorba.

"*Tercero.* Que la corte erró al apreciar que el acreedor al conceder la prórroga sin que estuviese presente el demandado, entendió que la misma garantía continuaría."

Alegó además que la demanda no aduce hechos suficientes para constituir una causa de acción, por cuanto el endoso, sin expresión de fecha, sólo puede entenderse como una simple comisión de cobranza, y siendo ello así Cintrón & Aboy no son dueños del pagaré, pero aun siéndolo no tendrían otro carácter que el de simples cesionarios subrogados en lugar del cedente quien a su vez lo estaba en lugar del acreedor, perjudicando, por tanto, a los demandantes los actos ejecutados por el acreedor Sorba.

Antes de entrar a considerar los motivos del recurso, se hace necesario dejar establecido si Celestino Solá es en unión de Solá e Hijo un deudor solidario o si es un fiador de Solá e Hijo.

En la obligación reclamada tanto Solá e Hijo como Celestino Solá el demandado, son deudores directos y principales que dicen "Pagaremos solidariamente a Don Antonio María Sorba o a su orden," etc. La intención de las partes contratantes es la que nos ha de guiar para fijar el alcance de las estipulaciones convenidas, y esa intención se revela claramente en el pagaré sin la más ligera sombra de duda pues su simple lectura demuestra que ambos, Solá e Hijo y Celestino Solá se reconocieron deudores principales de Antonio María Sorba y se obligaron solidariamente. La autenticidad del documento no ha sido impugnada y es forzoso admitirlo con arreglo al artículo 119 del Código de Enjuiciamiento Civil, y siendo auténtico tiene el mismo valor que la escritura pública entre los que lo hubiesen suscrito y sus causahabientes, según el artículo 1193 del Código Civil.

Y no se arguya que las pruebas aportadas al juicio demuestran que la deuda se contrajo en beneficio exclusivo de Solá e Hijo y que el demandado sólo garantizó el cumplimiento de la obligación, pues aunque así sea, siempre tendríamos que Celestino Solá sin beneficiarse con el dinero del pagaré y sin tener propiamente el carácter de deudor, quiso tomar dicho carácter al firmar el documento como deudor solidario para que Solá e Hijo recibiera el dinero de Sorba, quien sin esa condición no lo hubiera facilitado. No importa que Celestino Solá dejara de beneficiarse del préstamo; él convino en ser deudor solidario para servir a Solá e Hijo, y ese convenio quedó consignado en el pagaré al ser firmado éste por el demandado como deudor solidario. La ley del contrato quedó establecida en el documento como última expresión de la voluntad de las partes, y a ella tiene que someterse Celestino Solá.

Bajo la teoría que dejamos establecida surge como conclusión que el demandado Celestino Solá no es fiador de Solá e Hijo, sino deudor solidario de Antonio María Sorba conjuntamente con Solá e Hijo. Siendo ello así carece de base el primer motivo del recurso fundado en el artículo 1752 del Código Civil, preceptivo de que la prórroga concedida al deudor por el acreedor sin el consentimiento del fiador extingue la fianza y huelga por tanto discutir la cuestión extensamente debatida por ambas partes acerca de si dicho precepto legal es aplicable tanto a la fianza simple o común como a la solidaria.

En cuanto al segundo motivo del recurso es de consignarse que según la representación de Celestino Solá, los actos llevados a cabo por el acreedor Sorba que determinaron la novación de la obligación consisten en que Sorba, primer acreedor del pagaré firmó una declaración en inglés ante el Notario Buitrago encabezada con el título del caso de Solá e Hijo, Sociedad en Comandita en quiebra ante la Corte Federal, y en esa declaración expresa Sorba con fecha 3 de junio de 1912, que dicha sociedad en quiebra le debía $8,000 proce-

dentes de un pagaré de $6,000 y otro de $2,000 vencidos respectivamente en marzo de 1911 y abril de ese mismo año, expresando además Sorba no haber dicho a persona alguna que hubiera recibido garantía de la deuda.

Sobre esa declaración expresa Sorba bajo juramento que la prestó por consejo de Don Marcelino Solá; que éste fué quien buscó al abogado Sr. Buitrago; que firmó la declaración sin leerla pues no sabe inglés y que no la utilizó ante la Corte Federal ante la cual utilizó otra prestada ante el Sr. Soto Gras.

Visto el contenido de la declaración de Sorba y de las explicaciones dadas por éste, no es posible afirmar como pretende Celestino Solá, que el deudor Solá e Hijo fuera sustituído por otro deudor, a saber, Solá e Hijo, Sociedad en Comandita.

En cuanto al tercer error huelga discutirlo por partir del supuesto de que se trata de una obligación de garantía o de fianza constituída por el demandado y no de una obligación solidaria. Pero es que tampoco existe ese error pues el mismo apelante Celestino Solá reconoce haber declarado Antonio María Sorba que llevó a cabo la prórroga con Solá e Hijo en la creencia de que continuaba la garantía de Celestino Solá.

Tratándose como se trata de una obligación solidaria son de aplicación al caso los artículos 1111, 1112 y 1110 del Código Civil que en lo conducente dicen así:

"Artículo 1111.—*El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente* \* \* \*"

"Artículo 1112.—*El pago hecho por uno de los deudores solidarios extingue la obligación* \* \* \*."

"Artículo 1110.—*La novación, compensación, confusión o remisión de la deuda, hechas por cualquiera de los acreedores solidarios o con cualquiera de los deudores de la misma clase, extinguen la obligación* \* \* \*."

Los demandantes Cintrón & Aboy, endosatarios del pagaré de que se trata, han ejercitado el derecho que les concede el artículo 1111 dirigiendo su acción contra uno de los deudores solidarios, o sea, contra Celestino Solá. La obligación no había sido extinguida por ninguno de los medios que establecen los artículos 1110 y 1112 que dejamos transcritos. Por lo que atañe a la prórroga de la obligación otorgada por Sorba a Solá e Hijo, no puede estimarse como una novación extintiva de la obligación, pues no ha habido variación de su objeto o de sus condiciones principales, y en cuanto a la novación consistente en la sustitución del deudor por otro, falta prueba de dicha sustitución.

La alegación hecha ante esta Corte Suprema de que los hechos expuestos en la demanda no determinan una causa de acción cae por su misma base, pues ya se considere el endoso a favor de Cintrón y Aboy como una comisión de cobranza, ya sean éstos cesionarios de Sorba, pueden ejercitar los mismos derechos que éste, entre ellos el de cobro del documento, que están ejercitando. Existe causa de acción.

Examinados los fundamentos del recurso de apelación interpuesto por el demandado Celestino Solá, pasemos a examinar igual recurso interpuesto por la parte demandante.

Dicho recurso tiende a obtener la revocación de la sentencia en el sentido de que sea condenado el demandado a pagar a los demandantes los $6,000 del capital representado por el pagaré y sus intereses del 12 por ciento anual desde 1°. de enero de 1912 hasta el día del pago, con las costas, gastos y honorarios del abogado de los demandantes.

Examinemos los preceptos del Código Civil atinentes al caso comprendidos en los artículos 1067, 1068 y 1075 que transcribimos a continuación:

"Artículo 1067.—Incurren en mora los obligados a entregar o hacer alguna cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación.

"No será, sin embargo, necesaria la intimación del acreedor para que la mora exista:

"1. Cuando la obligación o la ley lo declaren así expresamente."

\*     \*     \*     \*     \*     \*     \*

"Artículo 1068.—Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas."

"Artículo 1075.—Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal."

\*     \*     \*     \*     \*     \*     \*

Según muestra el pagaré de que se trata, Solá e Hijo y Celestino Solá se obligaron en 31 de mayo de 1910 a pagar solidariamente a Don Antonio María Sorba o a su orden en 30 de marzo de 1911, la suma de $6,000, cuya suma en caso de demora devengaría el interés del 12 por ciento anual, obligándose, además, a satisfacer las costas y gastos que el cobro de dicha suma ocasionara inclusos los honorarios del abogado de que el acreedor se valiera en su reclamación.

Como se ve la ley del contrato fué que en caso de demora en el pago los deudores solidarios pagarían el interés del 12 por ciento anual, con costas, gastos y honorarios de abogado en caso de reclamación judicial.

De las pruebas practicadas en el juicio, o sea de las declaraciones de Antonio María Sorba y Marcelino Solá, gerente de la firma Solá e Hijo, resulta que ambos convinieron en que fuera prorrogado por un año el documento, y que los intereses devengados fueron satisfechos hasta diciembre de 1911, adeudándose por tanto los vencidos desde 1º. de enero de 1912.

La corte inferior cometió error al aplicar indebidamente el artículo 1067 del Código Civil al ordenar en su sentencia que los intereses fueran pagados desde la fecha de la interposición de la demanda, estimando que desde entonces fué que incurrió en mora el demandado, o sea desde que se exigió judicialmente el cumplimiento de la obligación, pues ese

mismo artículo previene que no será necesaria la intimación del acreedor para que la mora exista, cuando la obligación lo declara expresamente, como sucede en el presente caso en que se estipuló expresamente que la cantidad adeudada devengaría en caso de demora en el pago los intereses del 12 por ciento anual.

Ocurre además que tratándose de un préstamo mercantil según admisión hecha por el mismo demandado, es de aplicación el artículo 316 del Código de Comercio que dispone que los deudores que demoren el pago de sus deudas después de vencidas deberán satisfacer desde el día siguiente al del vencimiento el interés pactado o en su defecto el legal.

El deudor solidario Marcelino Solá está, por tanto, en el deber de pagar los intereses vencidos y no satisfechos a contar desde 1°. de enero de 1912, con sujeción a los preceptos de ambos Códigos, Civil y Mercantil.

Por lo que toca a la condenada de costas, gastos y honorarios de abogado no es materia que en el presente caso pueda regularse por los preceptos del Código de Enjuiciamiento Civil enmendado por leyes de marzo 1°. de 1905, y 12 de marzo de 1908, pues debe regirse por la ley del contrato consignada en el pagaré, según el cual el deudor solidario Marcelino Solá se obligó a satisfacer las costas y gastos que el cobro de la deuda ocasionara, con inclusión de los honorarios del abogado de que el acreedor se valiera en su reclamación.

El artículo 1058 del Código Civil establece que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse al tenor de los mismos.

Por las razones expuestas opinamos que procede la confirmación de la sentencia apelada en cuanto ordena que la parte demandante Cintrón & Aboy recobre del demandado Celestino Solá la suma de $6,000, y su modificación en cuanto ordena el pago de los intereses de dicha suma a razón del 12 por ciento anual desde la interposición de la demanda sin especial condenación de costas, decretando en su lugar que

la demandante Cintrón & Aboy recobre de Celestino Solá los
intereses del 12 por ciento anual a contar desde 1°. de enero
de 1912 y condenando además a Solá al pago de las costas,
gastos y honorarios del abogado del demandante en la corte
inferior.

> *Confirmada la sentencia apelada, pero modifi-
> cada en cuanto al pago de intereses, costas,
> gastos y honorarios de abogado en la corte
> inferior.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y
Aldrey.

El juez Asociado Sr. Hutchison no formó parte del tri-
bunal en la vista de este caso.