Roig Commercial Bank, demandante y apelado, *v.* Sucn. de E. Lugo Viña, compuesta de Lucía R. Vda. de Lugo Viña, Andrés, Aurora y Lucía Lugo Viña, demandada y apelante.

No. 3590.—*Visto:* Junio 12, 1925. *Resuelto:* Julio 7, 1925.

1. Costas—Cuantía, Tasación y Partidas—Gastos Innecesarios. — Los gastos de protesto de un pagaré en que se funda una acción así como los gastos de viaje de los abogados de las partes no son partidas legítimas sujetas a aprobación en un memorándum de costas.

2. Costas—Cuantía, Tasación y Partidas—Derechos Arancelarios—Derechos Devengados por el Márshal.—En el caso de autos se impugnó una partida relativa a "honorarios y gastos de anotación de embargo" por existir otra de gastos de "anotación de embargo". *Se resolvió:* que los honorarios y gastos de la primera partida debieron especificarse, tanto más cuando un márshal no puede cobrar derecho alguno por las anotaciones de embargo.

3. Costas—Naturaleza, Fundamentos y Extensión del Derecho—Pronunciamiento Sobre Costas en Sentencias Dictadas en Rebeldía.—La disposición contenida en el primer disponiéndose del artículo 327 del Código de Enjuiciamiento Civil vigente no es prohibitiva de todo pacto o convenio respecto a honorarios de abogado sino supletorio para los casos en que no exista convenio alguno respecto al pago de costas.

Resolución de *Charles E. Foote,* J. (Primer Distrito, San Juan),
   aprobando memorándum de costas. *Revocada* en cuanto a deter-
   minadas partidas y *confirmada* en cuanto a otras.

*Manuel F. Rossy,* abogado de la apelante; *Francisco González Fa-
   gundo,* abogado de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del
   tribunal.

Este es un incidente sobre cobro de costas. El deman-
dante-apelado presentó un memorándum de costas conte-
niendo las siguientes partidas: 1ª, honorarios del márshal y
anotación de embargo, $40.00; 2ª, honorarios del secretario,
$24.00; 3ª, gastos protesto pagaré, $7.50; 4ª, transcripción
del récord, $12.00; 5ª, viajes de los abogados a San Juan,
$60.00; 6ª, anotación embargo registro Guayama, $13.00; y
7ª, honorarios abogado, $250.00; total, $406.50.

La corte inferior aprobó dichas partidas, modificando
únicamente la de honorarios de abogado, que redujo a $200.

[1] Salta a la vista el error de la corte inferior en cuanto
a las partidas 3ª y 5ª  Como cuestión legal no es necesario
el protesto de un pagaré a su vencimiento para su cobro.
Tal requisito sólo es exigible en cuanto a las letras de cam-
bio para que no queden perjudicados. Arts. 481, 482 y 483
del Código de Comercio (secciones 8040, 8041, 8042, Comp.
de 1911, págs. 1267 y 1268). Y el gasto de viajes de los
abogados, de Humacao a San Juan, tampoco es un gasto
necesario. La elección de abogados fuera del distrito en
donde se ventila un pleito es de interés únicamente para las
partes que así lo hacen y ellas están obligadas a sufrir los
gastos  de traslado.

[2] Los honorarios del márshal y gastos de anotación de
embargo que montan a $40, habiendo sido impugnados han
debido especificarse pues aparece otra partida (6ª) que ha-
bla también de gastos de anotación de embargo. Tal espe-
cificación parece más necesaria si se tiene en cuenta los de-
rechos que debe percibir un márshal de acuerdo con la Ley
No. 17, regulando el cobro de derechos y costas en causas

civiles etc., aprobada en marzo 11 de 1915. Esta ley en la página 46 del tomo de las leyes de ese año, dice:

"A. Por cada diligencia de un emplazamiento___ $1.00
"B. Por notificar un embargo   *   *   *_____ 3.00"

Y en la letra H se dispone que puede cobrar por gastos de viaje para notificar cualquiera citación etc., por cada milla $0.25.

El arancel nada dispone que el márshal cobre derechos por la anotación del embargo. Una vez practicado el embargo él solamente lo notifica al demandado y expide el mandamiento por duplicado para su anotación en el registro de la propiedad que corresponda.

[3] Se sostiene con insistencia por el apelante que habiéndose dictado en el pleito principal la sentencia en rebeldía, el pronunciamiento sobre costas no incluye honorarios de abogado. Sin embargo, en la obligación o pagaré en que se funda la demanda el deudor convino· expresamente que si el mismo no fuera satisfecho a su vencimiento, en caso de reclamación judicial, pagaría todas las costas, incluyendo en ellas los honorarios del abogado que tuviera que retener el acreedor para su cobro. El artículo 1222 del Código Civil Revisado prescribe que los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarias a las leyes y a la moral ni al orden público. Y el convenio comprometiéndose el deudor a pagar honorarios de abogado en caso de reclamación judicial no hay razón para que deje de ser lícito, por lo menos en lo que respecta a la moral y al orden público. La única cuestión sería examinar si el artículo 327 del Código de Enjuiciamiento Civil, tal como fué enmendado por la Ley No. 38, aprobada en abril 2 de 1917, p. 207, disponiendo que no se entenderán comprendidos los honorarios de abogado en las costas que se impusieren a un demandado que no hubiese radicado su comparecencia en una acción o procedimiento, es o nó prohibitivo de todo

pacto o convenio como el que se ha puesto en tela de juicio en este caso. Entendemos, sin embargo, que el artículo 327 es solamente supletorio o previsor para todos aquellos casos en que no exista ninguna estipulación, como la que se consigna en el pagaré objeto de la demanda.

Por lo expuesto, *la resolución de la corte inferior se revoca en cuanto a las partidas 1ª, 3ª y 5ª, y se confirma respecto a las restantes.*