MANUEL BLÁZQUEZ ACOSTA, demandante y apelante, *v.* LUIS
   HERNÁIZ VERONNE, JOSÉ S. ALEGRÍA SANTOS, CELESTINA GA-
   LLARDO VERONNE, ENRIQUE FERNÁNDEZ PACHECO y EVA GA-
   LLARDO VERONNE, demandados y apelados.

No. 3537.—*Visto:* Abril 2, 1925. *Resuelto:* Julio 30, 1925.

COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO EN GENERAL—
   ESTIPULACIÓN EN CONTRATOS EN CUANTO AL PAGO DE COSTAS Y HONORARIOS.
   —Cuando en un contrato se fija una cantidad para el pago de costas y

honorarios en caso de reclamación judicial, la corte debe imponer en su sentencia dichas costas y honorarios. La clase de procedimiento seguido, no es importante, a menos que así se hiciere constar; lo importante es que el acreedor se haya visto obligado a recurrir a la vía judicial.

SENTENCIA de *Pablo Berga*, J. (Segundo Distrito, San Juan), declarando con lugar la demanda, sin costas. *Modificado* el pronunciamiento relativo a costas, imponiendo éstas a los demandados.

*Torres & Valldejuli,* abogados del apelante; *R. Rivera Zayas* y *Félix Ochoteco Jr.,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La cuestión esencial a resolver en este caso es la de si las costas y honorarios de abogado deben imponerse necesariamente a los demandados de acuerdo con el contrato existente entre las partes, o si la corte sentenciadora tenía o nó discreción para imponerlas.

El pleito se inició para cobrar cierto plazo vencido de una deuda garantizada con hipoteca sobre varias fincas. Al constituirse la hipoteca se garantizó además de la deuda cierta suma adicional "para costas y honorarios de abogado en caso de reclamación judicial." El demandante no siguió el procedimiento hipotecario para el cobro del plazo vencido sinó que escogió el procedimiento ordinario. Se opusieron los demandados alegando que no podía cobrarse el plazo porque la obligación total no estaba vencida, basándose en cierta cláusula del contrato. Fué el pleito a juicio y la corte dictó sentencia en contra de los demandados, sin especial condenación de costas. Apelaron los demandados y su apelación fué desestimada. Apeló también el demandante en cuanto al pronunciamiento de costas y su apelación es la que estamos considerando.

Para sostener que la corte erró al dejar de imponer las costas, invoca el apelante la jurisprudencia establecida en el caso de *Cintrón y Aboy* v. *Solá,* 22 D.P.R. 262, y los apelados contestan que "desde el momento en que el demandante renunció el procedimiento ejecutivo para acogerse al ordina-

rio del Código de Enjuiciamiento Civil, renunció los términos de la hipoteca en lo que a imposición de costas se refiere, pasando a ser dichas costas y honorarios discrecionales para así ser impuestos por el Juez que vió el asunto.''

En el citado caso de *Cintrón y Aboy* v. *Solá,* esta Corte por medio de su Juez Presidente Sr. Hernández, dijo:

"Por lo que toca a la condena de costas, gastos y honorarios de abogado no es materia que en el presente caso pueda regularse por los preceptos del Código de Enjuiciamiento Civil enmendado por leyes de marzo 1º de 1905, y 12 de marzo de 1908, pues debe regirse por la ley del contrato consignada en el pagaré, según el cual el deudor solidario Marcelino Solá se obligó a satisfacer las costas y gastos que el cobro de la deuda ocasionara, con inclusión de los honorarios del abogado de que el acreedor se valiera en su reclamación." 22 D.P.R. 272.

Los anteriores principios son enteramente aplicables. En el contrato no se estableció que se pagarían las costas si al recurrir a la vía judicial el acreedor seguía tal o cual procedimiento. Se acordó una cantidad para costas en caso de reclamación judicial. La mente de las partes estuvo fija en el hecho de que para el cobro de la deuda fuera necesario recurrir a los tribunales y para tal caso general se obligaron los deudores a pagar las costas que causaran al acreedor desde el momento que estuvieron dispuestos a garantizar como garantizaron con hipoteca una suma determinada para ello. Claro es que las costas y honorarios que deben satisfacerse son aquellos que se hayan realmente causado y que se acrediten en debida forma, dentro de la cantidad especificada.

Véase también el caso de *Roig Commercial Bank* v. *Sucesión de E. Lugo Viñas,* 34 D.P.R. 418.

*Por virtud de todo lo expuesto, debe declararse con lugar el recurso establecido y modificarse el pronunciamiento relativo a costas de la sentencia apelada de manera que lea como sigue: "con costas a los demandados."*