LUIS CARMINELY, demandante y apelado, *v.* MIGUEL TRUYOL, demandado y apelante.

No. 5438.—*Sometido:* Abril 30, 1931. *Resuelto:* Diciembre 22, 1931.

*C. Domínguez Rubio,* abogado del apelante; *F. Beiró Rovira,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Luis Carminely demandó ante la Corte Municipal de Guayama a Miguel Truyol en cobro de cierta suma de dinero, sus intereses al 12 por ciento anual a partir del 27 de abril de 1929, y cien dólares más para gastos, costas y honorarios de abogado. La reclamación se basa en un pagaré suscrito por Carmen Amy, Francisco Berreteaga y el demandado Miguel Truyol que, copiado en lo pertinente, dice:

"Pagaremos solidariamente, a la orden del Sr. Luis Carminely, en el local de su residencia, o en las oficinas de cualquier banco de la isla, el día veintiséis de julio de mil novecientos veintiocho, la suma de TRECIENTOS DOLLARS, que somos en deberle, más intereses al 12%, a contar de esta fecha."

Contestó el demandado aceptando que había suscrito la obligación. Negó su entrega, pero la aceptó implícitamente en sus otras alegaciones en las que sostuvo, en resumen, que había pactado con el acreedor que si los deudores Amy y Berreteaga no pagaban el 26 de julio de 1928, él pagaría, no debiendo concedérseles prórroga alguna; que el acreedor no solicitó de él el pago en la fecha convenida y concedió prórrogas a los otros firmantes que eran los verdaderos deudores, dando lugar así, a sabiendas y fraudulentamente, a que se desprendieran de sus bienes.

La corte municipal falló en contra del demandado. Apeló

éste para ante la corte del distrito y celebrado el juicio *de novo,* volvió a dictarse sentencia en su contra, basada en una cuidadosa opinión en la que expresamente se consigna que la prueba por él aportada no fué lo suficientemente convincente para declarar probado el convenio alegado en la contestación.

No conforme aún el demandado, apeló para ante este tribunal señalando en su alegato la comisión de tres errores cometidos a su juicio por la corte de distrito, 1º., al apreciar la prueba; 2º., al condenarlo al pago de intereses y 3º., al imponerle el pago de cien dólares para costas, gastos y desembolsos.

El primer error no existe. Este es seguramente uno de tantos casos en que una persona se ve obligada a satisfacer una cantidad de dinero de la cual no se benefició. Pero esa persona no puede llamarse a engaño. Suscribió con la otra que recibió el beneficio una obligación escrita sin reservas aceptando la responsabilidad íntegra de pagar, y ya esta corte ha resuelto repetidas veces que es el documento firmado el que muestra la naturaleza del contrato finalmente celebrado, el que revela la última intención de las partes contratantes.

La prueba fué contradictoria y no hay base suficiente para alterar la conclusión a que llegara la corte de distrito, pero aunque la hubiera, dudamos mucho de la eficacia de la contestación del demandado. En ella misma se acepta el otorgamiento voluntario del documento, y dados sus términos, la prórroga que se alega concedida por el acreedor a los otros deudores solidarios sin variarse el objeto o condiciones principales de la obligación, ni sustituirse por otra la persona del deudor, no puede estimarse como una novación extintiva de la obligación. *Cintrón y Aboy* v. *Solá,* 22 D.P.R. 262.

Tampoco fué cometido el segundo error. En el citado caso de *Cintrón y Aboy* v. *Solá,* se decide que "según el

artículo 1067 del Código Civil, no será necesaria la intimación de un acreedor para que exista la mora, cuando la obligación lo declara expresamente'', y aquí expresamente dice el documento que sus firmantes se comprometen a pagar los ''intereses al 12 por ciento, a contar de esta fecha'', enero 26, 1928. El juez no hizo otra cosa en su sentencia que reconocer eficacia a lo convenido por las partes.

El tercer error existe, como lo reconoce la propia parte apelada, pero no da lugar a la revocación, sino a la modificación de la sentencia. La corte debió haberse limitado a condenar al demandado al pago de las costas, dejando la determinación del montante para el trámite fijado por el propio Código de Enjuiciamiento Civil.

*Debe modificarse la sentencia apelada en tal sentido y así modificada confirmarse.*