Pedro Clausells Armstrong, demandante y apelado, *v.* Enrique Salas y su esposa Basilia Ferrer, demandados y apelantes.

Núm. 6911.—*Sometido:* Marzo 11, 1936.  *Resuelto:* Marzo 5, 1937.

*Rafael Cintrón Lastra*, abogado de los apelantes; *Gustavo Rodríguez*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Este pleito, calificado en la demanda como uno de rescisión de contrato, fué iniciado para obtener una adjudicación al efecto de que dos contratos, cada uno de ellos relativo a la compraventa de un solar urbano, habían finalizado de conformidad con los términos de una condición resolutoria contenida en ambos contratos y al efecto de que el demandante tenía derecho, en armonía con los términos de la condición resolutoria, a recobrar la posesión de dos solares y a retener cierta parte del dinero pagádole por el comprador en perspectiva. Los demandados excepcionaron fundándose primero, en que la demanda no aducía hechos suficientes para determinar una causa de acción; y segundo, en que la misma era ambigua y dudosa. El primer señalamiento es que la corte de distrito cometió error al declarar sin lugar esta excepción.

Los párrafos 3, 4, 6 y 9 de la demanda leen así:

"3.—Las condiciones de precio, pago, intereses y tiempo se establecieron así: el señor Salas pagaría por la finca $969 dólares de los cuales entregó a cuenta al señor Clausells el día del contrato $100 y los restantes $869 debía satisfacerlos a razón de $15 como abono mínimum mensualmente o sea el día treinta de cada mes, a partir

de la fecha del contrato citado, y la cantidad así satisfecha se abonaba al capital e intereses al tipo del 8 por ciento anual, devengados en cada mes, hasta el total pago; la duración del término para dejar satisfecho el precio total del solar, no excedería de tres años, al final del cual Salas debía dejar satisfecho el precio total del solar prometido en venta por Clausells, o en caso contrario quedaría rescindido el contrato, procediéndose a su liquidación.

"4.—Se establecieron como condiciones resolutoria y penal, las siguientes: si Enrique Salas dejaba de satisfacer tres plazos mensuales de los estipulados fueren o no corridos, se consideraba rescindido el contrato a opción del señor Clausells, y se procederá a su liquidación en la forma siguiente: quedaban como propiedad de Clausells, la mitad de las cantidades satisfechas por Salas en concepto de indemnización de perjuicios por el incumplimiento del contrato y la totalidad de aquellas cantidades que Salas hubiere satisfecho por concepto de intereses vencidos y que se debieran hasta la terminación del asunto, pudiendo incautarse el demandante Clausells del solar objeto del contrato, para volverlo a su libre disposición, reintegrando a Salas la otra mitad de las cantidades pagadas, una vez hechos los descuentos expresados.

"6.—Fué convenido que una vez satisfecho por Salas el importe del solar, y corriente en el pago de intereses, Clausells efectuaría la venta, siendo los gastos de la escritura, pago de contribuciones del solar desde el día del contrato, gastos judiciales en caso de litigio y honorarios de abogado de Clausells, en que éste incurriera por razón de dicho contrato, serían de exclusiva cuenta de Salas.

"9.—El demandado Enrique Salas satisfizo a cuenta del capital $308.50. Dejó de pagar los intereses devengados desde el 1 de febrero de 1932 hasta el 30 de julio de 1934, al tipo del 8 por ciento anual, o sean treinta meses a razón de $4.40 cada mes, montantes a $132.00. De acuerdo con el contrato esta suma ha de deducirse de lo que se pagó a cuenta del precio del solar, y restan $176.50; y de este restante deben deducirse los $32.69 importe de las contribuciones pagadas, y quedan como sobrante $143.81. La mitad de esta suma que representa $71.90, corresponde al demandante Clausells según el contrato y la otra mitad a los esposos demandados."

La segunda causa de acción contiene alegaciones similares respecto al otro solar, con ligeras variaciones en torno al precio de la compraventa y a otros detalles de menor importancia.

Los apelantes invocan el segundo párrafo del artículo 1340 del Código Civil (edición de 1930) en apoyo de la contención de que el demandante debió haber alegado imposibilidad de cumplimiento, y que, en ausencia de tal alegación, no son aplicables otras disposiciones del Código relativas a las obligaciones y contratos. Citan *Joseph* v. *Holt,* 37 Cal. 250 y 23 Mucius Scaevola 332, 333.

También se basan los recurrentes en el artículo 1246 del Código Civil (edición de 1930) que preceptúa:

"La acción de rescisión es subsidiaria; no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio."

En apoyo de la objeción de que la demanda no contiene alegación sobre ofrecimiento u oferta alguna de parte del demandante, los apelantes citan el caso de *Gutiérrez Viuda de Crosas* v. *Longpré,* 44 D.P.R. 674; *Loeffler* v. *Wright,* 13 Cal. App. 224; y el artículo 1247 del Código Civil (edición de 1930) que en parte dispone:

"La rescisión obliga a la devolución de las cosas que fueron objeto del contrato con sus frutos y del precio con sus intereses; en consecuencia sólo podrá llevarse a efecto cuando el que la haya pretendido pueda devolver aquello a que por su parte estuviese obligado."

Otro supuesto defecto es que la demanda no contiene alegación específica de que el demandante haya sufrido daños materiales de clase alguna. A este respecto los apelantes se fundan en el caso de *Díaz* v. *San Juan Light & Transit Company,* 17 D.P.R. 69, *Arruza* v. *Laugier,* 14 D.P.R. 25 y *Paniagua* v. *Sobrinos de Ezquiaga,* 14 D.P.R. 803.

Los apelantes también insisten en que la cláusula relativa a la terminación del contrato a opción de Clausells en caso de que Salas dejara de pagar tres plazos mensuales era nula por ser contraria a los preceptos del artículo 1208 del Código Civil (edición de 1930) y a la doctrina sentada en el caso de *Albizu* v. *Royal Bank of Canada,* 46 D.P.R. 514.

Los apelantes sostienen que el contrato es inicuo e irrazonable y que por ende cae dentro de la disposición prohibitiva más bien que dentro de la permisiva del artículo 1207 del Código Civil (edición de 1930) que lee así:

"Los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público."

También insisten en la ambigüedad e incertidumbre de la demanda conforme indican en la primera de sus dos excepciones.

■ Los artículos 1044 y 1066 del Código Civil (edición de 1930) proveen:

"Artículo 1044.—Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos."

"Artículo 1066.—Será exigible desde luego toda obligación cuyo cumplimiento no dependa de un suceso futuro o incierto, o de un suceso pasado, que los interesados ignoren."

La voluntad de las partes, conforme la misma surge del contrato, de ser éste válido, es la ley del presente caso. 19 Scaevola 674; 8 Manresa 669 (edición de 1929); 20 Scaevola 882, 912; Sentencia del Tribunal Supremo de España de abril 17 de 1873, 27 Jurisp. Civ. 592; *Wade* v. *Texarkana Bldg.*, etc., 233 S. W. 937; *New Richmond Land Co.* v. *Ivanovich,* 198 P. 221; *Spokane Canal Co.* v. *Coffman,* 103 P. 1106.

■ No podemos convenir con los apelantes sobre la interpretación, alcance y efecto del artículo 1340 del Código Civil (ed. de 1930). El segundo párrafo de ese artículo no significa que un demandante debe alegar la imposibilidad de un cumplimiento específico como condición precedente al cumplimiento de los términos expresos de una condición subsiguiente. La opinión en el caso de *Joseph* v. *Holt,* supra, habla por sí sola. Una respuesta suficiente a la contención de los apelantes puede hallarse en el extracto que de Scaevola ellos mismos hacen. Dice así:

"La segunda parte del artículo 1451 dice relación al incumplimiento de la promesa por imposibilidad de la compra y venta, y decimos imposibilidad, porque no es lícito presumir que dicho texto aluda al que se produzca por negativa caprichosa de los interesados, toda vez que en estos casos ambos contratantes tienen el derecho de reclamarse recíprocamente el cumplimiento del contrato.

"La imposibilidad a que se hace referencia en el artículo que comentamos, comprende el caso en que la cosa vendida no pertenezca ya al que prometió venderla, o haya perecido, el de que el comprador no pueda entregar el precio convenido, y el en que las demás condiciones pactadas no sea posible, física, moral o legalmente, llevarlas a debida ejecución.

"Bajo tan fundados supuestos, y no obstante la vaguedad de la alusión, es fácil colegir que las últimas palabras del artículo 1451 'lo dispuesto acerca de las obligaciones y contratos en el presente libro', se refieren al tratado general sobre obligaciones; y comoquiera que se parte del caso de un incumplimiento *por imposibilidad,* sólo se nos ofrece como pertinente el artículo 1101, a cuyo tenor quedan sujetos a la indemnización de los daños y perjuicios causados los que en el cumplimiento de sus obligaciones incurrieran en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas, teniendo en cuenta, por otra parte, con el artículo 1105, que fuera de los casos expresamente mencionados en la ley y de los en que así lo declare la obligación, nadie responderá de aquellos sucesos que no hubieran debido preverse, o que, previstos fueran inevitables." 23 Scaevola 332, 333.

■ El presente recurso no es la "acción de rescisión" a que alude el artículo 1246. En su consecuencia, no era necesario que el demandante alegara que carecía "de todo otro recurso legal." Manresa en la página 669, del tomo 8 de sus Comentarios (edición de 1929), dice:

"Con mayor o menor impropiedad de lenguaje suele llamarse *rescisión* a la resolución de un contrato, con arreglo a las cláusulas del mismo, por voluntad de una de las partes, o de las dos. Acerca de esos casos, y refiriéndose especialmente al artículo 1294, se ha dicho que 'dicho artículo, como los que le preceden y siguen, se refiere a los contratos rescindibles, con arreglo a la ley, y no es aplicable a la rescisión de aquellos en que los interesados, en uso de su voluntad soberana en esta materia, establecen una condición resolutoria, de cuyo cumplimiento depende la subsistencia del contrato' (sentencia de 24 de abril de 1901 [91 Jur. Civil 581])."

■ Por idénticas o similares razones el demandante no estaba obligado, según el artículo 1247, a ofrecer la devolución de todo el dinero recibido por él bajo el contrato ejecutorio mencionado en la demanda. El mostró su disposición a devolver cuanto venía obligado a devolver (excepto conforme se verá más adelante) bajo la condición resolutoria del contrato.

■ Lo anterior resuelve también la contención de que el precepto relativo a la terminación del contrato a opción de Clausells al dejar Salas de pagar tres plazos mensuales era nula por ser contraria a las disposiciones del artículo 1208 del Código Civil y a la doctrina establecida en el caso de *Albizu* v. *Royal Bank of Canada,* supra.

■ Los casos de *Díaz* v. *San Juan Light & Transit Company, Arruza* v. *Laugier,* y *Paniagua* v. *Sobrinos de Ezquiaga,* supra, citados por los apelantes, dejan de convencernos de que el demandante en una acción de este género debe alegar daños materiales como condición previa a la obtención de daños líquidos. Sin embargo, tal alegación hubiera tenido bastante importancia en la cuestión relativa a lo razonable de la cuantía especificada como daños líquidos si el demandante en verdad hubiera sufrido daños materiales.

■ Las contenciones relativas a que la demanda es ambigua y dudosa y a la naturaleza poco equitativa de la penalidad impuesta por los términos de la condición resolutoria. plantea una cuestión más seria.

La demanda pudo haber sido y debió ser mucho más específica. Quizá la mejor práctica habría sido declarar con lugar la excepción previa de ambigüedad e incertidumbre. Empero, el error de haberse cometido, de no declarar sin lugar la demanda no es suficiente para justificar la revocación de la sentencia.

En ausencia de algo que demuestre que el demandante haya sufrido daños materiales o de que hubiera podido obtenerse algo en arrendamiento por el solar y en vista de la suma realmente pagada por el comprador en perspectiva,

existe amplio campo para divergencia de criterio en torno a la naturaleza equitativa o poco equitativa de las estipulaciones referentes a daños líquidos. Podría admitirse que el juez de distrito en el ejercicio de una sana discreción pudo haber mitigado el alcance y efecto del presente caso bajo la autoridad del artículo 1108 del Código Civil (edición de 1930) que dispone:

"El tribunal o juez modificará equitativamente la pena cuando la obligación principal hubiera sido en parte o irregularmente cumplida por el deudor."

Éste es, sin embargo, a lo sumo un caso dudoso. Véanse: 8 Manresa 227, 230, 553 (edición de 1929); 19 Scaevola 839; *Cape May Real Estate Co.* v. *Henderson,* 79 Atl. 982; *Barrows* v. *Harter,* 130 Pac. 1050. No estamos dispuestos a alterar el resultado a no ser en la forma que indicamos en el siguiente párrafo.

■ Nos inclinamos a convenir con los apelantes en que Salas debía pagar contribuciones a partir de la fecha del contrato sólo en el caso de que hubiera un traspaso. De ello no se desprende que la sentencia apelada deba ser revocada. Será modificada agregándole a los $124.85 que Clausells debía devolver a los apelantes la suma de $57.23 retenida por él para reembolsarse a sí mismo el importe pagado por concepto de contribuciones.

■ El juez de distrito declaró sin lugar las excepciones previas en octubre 2, 1934, y concedió a los demandados diez días para contestar. Al siguiente día los demandados solicitaron la reconsideración de esta orden. El juez de distrito desestimó la moción en octubre 10 y concedió a los demandados diez días adicionales para contestar. En 20 del mismo mes los demandados solicitaron sentencia sobre las alegaciones. En octubre 29 el secretario anotó la rebeldía de los demandados. En noviembre 2, luego de una vista en que los demandados dejaron de comparecer, y el demandante adujo su prueba, la corte de distrito dictó sentencia.

El segundo señalamiento es que la corte de distrito cometió error al anotar la rebeldía de los demandados en octubre 29. Se arguye que la actuación del secretario fué prematura. No podemos concurrir con este criterio. Véase *Vázquez* v. *Valdés*, 28 D.P.R. 467.

El tercer señalamiento es que la corte de distrito erró al dictar sentencia contra los demandados "en la extensión y términos que costan de la misma." La objeción, según se desprende del argumento, es:

(*a*) Que la sentencia es contraria a la equidad y que el contrato debió haberse modificado de conformidad con las disposiciones del artículo 1108 del Código Civil, supra.

(*b*) Al conceder costas al demandante.

La primera de estas dos cuestiones ya ha sido discutida. La concesión de costas se basó en el convenio expreso de las partes que intervinieron en el contrato. *Cintrón & Aboy* v. *Solá*, 22 D.P.R. 262; *Blázquez* v. *Hernáiz*, 34 D.P.R. 631.

*La sentencia apelada debe ser modificada en la forma arriba expuesta, y así modificada, confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.