STATE, RESPONDENT, *v.* HALK, APPELLANT.

(No. 3,376.)

(Submitted May 1, 1914.  Decided May 7, 1914.)

[141 Pac. 149.]

*Criminal  Law—Homicide—Burden  of  Proof—Instructions—
Cause of Death—Expert Testimony—Cross-examination.*

Homicide—Justification—Burden of Proof—Instructions.
    1.  The burden of proof in a criminal case is never upon defendant
to disprove the facts necessary to establish the crime with which he
is charged; hence appellant, charged with homicide, was in no position
to complain of an instruction which by failing to give the rule embodied
in section 9282, Revised Codes, to the effect that the burden of proving
circumstances of mitigation, justification or excuse devolves upon de-
fendant, impliedly told the jury that the burden did not rest upon him
at any stage of the case.

    [As to burden of proof on issue of self-defense in homicide case,
see note in Ann. Cas. 1912C, 47.]

Same—Cause of Death—Cross-examination.
    2.  Where defendant contended that the death of deceased was due
to lack of proper treatment and not to the wound inflicted by him, a
question asked a physician on cross-examination, who had testified as to
the character of the wound, the condition in which he found deceased,
*etc.,* whether the injury would have proved fatal in a few hours if
deceased had received prompt and suitable surgical treatment, was
properly excluded.

Same—Cause of Death—Hypothetical Question—Proper Exclusion.
    3.  Offered testimony by a physician other than the one who attended
deceased, that if different treatment had been resorted to death might
not have ensued, *held* immaterial, it not having had a tendency to show
that death resulted solely owing to improper treatment.

*Appeal from District Court, Silver Bow County; Michael
Donlan, Judge.*

ALBERT F. HALK was convicted of murder in the second
degree, and appeals from the judgment and an order denying
him a new trial.  Affirmed.

Cause submitted on briefs of counsel.

*Mr. Chas. G. Colby,* for Appellant.

*Mr. D. M. Kelly,* Attorney General, and *Mr. W. H. Poorman,*
Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of murder in the second degree, and sentenced to imprisonment for a term of 100 years. He has appealed from the judgment and an order denying his motion for a new trial.

The brief submitted by counsel contains many assignments alleging error in the instructions and in the court's rulings in excluding evidence offered by the defendant. Of these only three are referred to in the argument. In view of the nature of the charge and the severity of the sentence imposed, however, we have made such examination of them all as has been possible without the assistance of oral or printed argument. We have found no substantial error in any of them. We shall not give special notice to any of them, other than those argued by counsel.

1. The defendant shot the deceased, Thomas Slonski, in the early morning of August 9, 1912, inflicting a wound from which death ensued the following morning. The wound was through the left thigh, the bullet in its course breaking and splintering the bone, severing the femoral artery, and severely lacerating the muscles as it passed out. At the trial it was sought to justify the shooting on the ground of self-defense. Some effort was also made to show that the wound was not mortal, but that the death of the deceased was caused solely by the maltreatment of the attending physician.

In paragraph 20 of the charge the term "malice" was defined [1] as follows: "Malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart. The term 'malice' is not restricted to spite or malevolence toward the deceased in particular, but is understood to mean that general malignity and recklessness of and toward the lives and personal safety of others which proceed from a

heart void of a just sense of social duty, and fatally bent on mischief. And whenever the fatal act is committed deliberately the law presumes that it is done in malice." Complaint is made that this definition is not sufficient, because the court omitted to add to it the following: "And it behooves the prisoner to show, from the evidence, or by inference from the circumstances of the case, that the offense is of a mitigated character, and does not amount to murder." The first three sentences of the paragraph comprise the whole of section 8291 of the Revised Codes. The latter portion of it, it will be noted, is taken from the text of Greenleaf on Evidence, the court omitting the final clause of the last sentence. (3 Greenleaf on Evidence, 16th ed., sec. 144.) The rule, as stated in the last sentence, including the omitted clause, is embodied in a modified form in section 9282, Revised Codes, as follows: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

While this section declares the circumstances under which the burden of proof shifts to the defendant, he is not at any time required to bear a greater burden than to go forward with his proofs far enough to create in the minds of the jurors a reasonable doubt as to his guilt. The burden of proof, as these words are used in the criminal law, is never upon the defendant to disprove the facts necessary to establish the crime with which he is charged. It is upon the state from the beginning to the end of the trial. It applies to every element necessary to constitute the crime charged, including mental capacity, and also the motives and impulses which give quality to, and characterize, the act under investigation, when proof of them is necessary. The defendant is entitled to an acquittal, unless his guilt appears from the evidence, considered as a whole, beyond a reasonable doubt. (*State* v. *Brooks*, 23 Mont. 146, 57 Pac. 1038; *State* v.

*Peel,* 23 Mont. 358, 75 Am. St. Rep. 529, 59 Pac. 169; *Davis* v. *United States,* 160 U. S. 469, 40 L. Ed. 499, 16 Sup. Ct. Rep. 353.)   This is true whether he introduces evidence or not.

By the omission complained of, and by the failure to submit the rule as embodied in the statute, which the court might properly have submitted, the jury were impliedly told that the burden did not devolve upon the defendant at any stage of the case.   We can see no ground for criticism of the instruction.

2. Dr. Kistler, called as a witness by the state, testified as to the character of the wound, the condition in which the deceased [2] was as a result of shock, loss of blood, *etc.,* at the time he was brought to the hospital for treatment.   On cross-examination, he was asked as to the treatment he gave deceased. This he described in general terms, stating also that such a wound as that from which the deceased was suffering was not necessarily mortal, the result of it being dependent always upon the physical condition of the particular patient and the length of time elapsing before he obtains proper treatment.   He was then asked: "If that injury had had prompt and proper surgical treatment from the first, would it have caused the death of the individual in so few hours?"   Upon objection the witness was not permitted to answer.   The ruling was proper.   The answer, whether "Yes" or "No," would not have reflected in any way upon the question whether the wound was mortal, but merely upon the question whether, if prompt and proper treatment had been administered, the life of the deceased might have been prolonged for a number of hours.   Nor would either answer have thrown any light upon the inquiry whether the deceased received prompt and efficient treatment, or who was responsible for the fact that he did not.

3. Dr. Haviland was called by the defendant as an expert. Several questions were put to him, the evident purpose of which [3] was to have him detail the means which, in his opinion, should have been employed to administer relief to Slonski when he reached the hospital.   He was not permitted to answer. Thereupon counsel, having enumerated various means of relief

which might be administered under such circumstances, asked the witness to state whether, if they had been applied, the deceased might not have suffered the loss of his leg only, and not of his life. The offer was also excluded. The ruling was correct. It will be observed that the offer was not to show that the death of Slonski was due solely to the maltreatment of the wound by Dr. Kistler, but that, if the course of treatment had been such as the question assumed, the wound would probably not have resulted in death. The testimony of Dr. Kistler, though not very definite, tended to show that the course of treatment applied by him was substantially that assumed by the hypothetical question. Hence, assuming, as counsel contends, that the defendant would have been entitled to an acquittal had it appeared that Slonski's death was due solely to the maltreatment of his wound by Dr. Kistler, and not to the wound itself, the offered evidence did not tend in any way to show this fact.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.