THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO PÉREZ, Defendant and Appellant.

No. 9674. Argued February 4, 1943.—Decided March 9, 1943.

*Adolfo García Veve* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Appellant was accused and convicted of the crime of mayhem, consisting of having attacked Asunción Morales

with a whip, striking him over the left eye as a consequence of which Morales lost his vision in that eye. The only assignment of error consists of having given the following instruction:

"In answer to certain questions put to him by the defense in this case, the doctor has made certain statements in relation to the probable consequences of the blow received by Asunción Morales over the left eye, if he had been treated by an eye doctor. The members of the jury have heard the testimony of the doctor and they are the sole judges of the same, but the court wishes to instruct the gentlemen of the jury as to the point that if you believe beyond a reasonable doubt that the accused struck Asunción Morales with his fist or with a whip or that he received the blow upon falling to the ground in the street or on the sidewalk and that the said Asunción Morales did not receive adequate treatment, the fact that he did not receive such treatment or the fact that Morales refused to be so treated, does not exempt the accused from responsibility. That is to say, gentlemen of the jury, that if a person inflicts a wound on another person and the wounded person does not receive adequate medical treatment or does not submit himself to adequate medical treatment, that does not exempt the person who inflicted the wound from criminal responsibility."

This court has held on several occasions, following the decisions of a majority of the jurisdictions of the continent, that in cases of murder or manslaughter, when death follows the wound, without there intervening any other independent cause which might produce death other than the illegal wound inflicted by the accused, all evidence introduced for the purpose of showing that the deceased did not receive adequate treatment, after having been wounded and before his death, must be excluded. *People* v. *Rodríguez,* 30 P.R.R. 840; *People* v. *Nieves,* 40 P.R.R. 367; *State* v. *Pell,* 119 N. W. 154; *State* v. *Halk,* 141 P. 149; *People* v. *Lewis,* 124 Cal. 551; *Hamblin* v. *State,* 115 N. W. 850; 8 A.L.R. 521, 39 A. L.R. 1270; *Lawman* v. *State,* 93 So. 69. The fundamental reason for this rule is that every person must be responsible for the natural consequences of his acts.

458

The common law rule was stated by the Supreme Court of the State of Washington in the case of *State* v. *Baruth,* 47 Wash. 283, 91 Pac. 977, 983, in the following terms:

"Where one unlawfully inflicts upon the person of another a wound calculated to endanger or destroy life, it is no defense to a charge of murder where death ensues to show that the wounded person might have recovered if the wound had been more skillfully treated. Even unskillful or negligent treatment of the wound on the part of the wounded person or his physicians, which may have aggravated the wound and contributed to the death, does not relieve the assailant from liability. He must show that the negligent and unskillful treatment was the sole cause of death, before he can escape the consequences of his unlawful act on this ground."

The instruction complained of by appellant is correct in that the fact that Asunción Morales did not receive adequate medical treatment is not in itself sufficient to exempt the accused from responsibility. As to that part which instructed the jury that "the fact that Morales refused to be so treated, does not exempt the accused from responsibility," we are not in condition to decide whether or not the instruction is correct because we are not acquainted with the testimony introduced in the trial court which necessarily served as a basis for the instructions given.

In Wharton's Criminal Law, vol. 1, 12th ed., p. 260, par. 202, the rule is stated and discussed as follows:

"A defendant, no matter how wrongful may have been his conduct, is not responsible for the acts of independent parties performed on the objects of the crime without his concert . . . So it is also when the wounded person indulges in excesses which destroy his life, or when he refuses to call in a physician, or to submit to any dressing of the wound.

" * * * * * * *

"The true line is this: if the deceased, in full possession of his senses, caused either deliberately or negligently his own death, then he and not the person inflicting the wound is chargeable with the death, though the latter is inditcable for an attempt to kill. But where the deceased's negligence contributed to his death, such

negligence is no defense, when either (1) it was one of the ordinary incidents of the conduct of a person in his situation; or (2) when the wound would otherwise have been fatal.

 The fact that an instruction is erroneous is not sufficient to justify the reversal of a judgment. It is necessary, in addition, that it be prejudicial to the interests of the accused. We are not acquainted with the evidence introduced by the accused for his defense. Appellant has not brought before us the transcript of the evidence and has not placed us in condition to determine whether or not the error, should it exist, is prejudicial. If the accused introduced evidence tending to show that the sole and proximate cause of the loss of vision in the left eye of the deceased, was the refusal of the latter to submit himself to medical treatment, we would have to decide that the instruction was prejudicial to the rights of the accused, because if that testimony was introduced and the jury gave credit to it, the accused might have been convicted of aggravated assault and battery and not of mayhem. On the other hand, if, as it seemingly appears from the challenged instruction, the evidence for the defense only tended to show that Morales would not have lost the vision in his eye if he had been treated by an eye doctor we would have to decide that the accused was in no way prejudiced by the instruction.

 This court must consider and decide cases on the basis of the record made in the trial court and filed in this court on appeal. We are not authorized to base our decisions on hypotheses and conjectures as to what happened in the trial court. It is the duty of appellant to place this court in a position to consider the instructions in the light of the evidence introduced at the trial in order to decide if the accused has been prejudiced in any way. *People* v. *Ayala*, 38 P.R.R. 378; *People* v. *Pou*, 55 P.R.R. 297; *People* v. *Marrero*, 57 P.R.R. 699.

The judgment appealed from should be affirmed.