El Pueblo de Puerto Rico, demandante y apelado, *v.* Julio Pérez, acusado y apelante.

Núm. 9674.—*Sometido:* Febrero 4, 1943. *Resuelto:* Marzo 9, 1943.

*Adolfo García Veve,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El apelante fué acusado y convicto del delito de mutilación, consistente en haber agredido a Asunción Morales con un foete, infiriéndole un golpe sobre el ojo izquierdo, como consecuencia del cual el agredido quedó privado de la visión por dicho ojo. Para sostener su recurso señala como único error cometido por la corte sentenciadora el haber dado al jurado la instrucción que copiamos a continuación:

"Ha habido, a preguntas de la Defensa en este caso, ciertas manifestaciones del médico en relación con las probables consecuencias del golpe que recibió Asunción Morales sobre el ojo izquierdo, si hubiese sido tratado por un oculista. Los Señores del Jurado oyeron la declaración del médico y son los únicos jueces para juzgar la misma, pero la corte quiere instruir a los Sres. del Jurado sobre éste particular que si Uds., fuera de toda duda razonable, creen que este acusado le dió ese golpe a Asunción Morales con el puño o con un foete o él recibió el golpe al caer sobre el pavimento de la calle o de la acera y que este ciudadano Asunción Morales no recibió el tratamiento adecuado, el hecho de no haber recibido el tratamiento médico adecuado, el hecho de que Asunción Morales se hubiera negado él mismo a recibir el tratamiento, no exime de responsabilidad a este acusado. Quiere decir, Señores del Jurado, que si una persona le da una herida a otra y esa persona herida no recibe el tratamiento médico adecuado o no se somete al tratamiento médico adecuado, eso no exime de responsabilidad criminal al que infirió la herida."

Esta Corte Suprema ha resuelto en varias ocasiones, siguiendo la jurisprudencia de la mayoría de las jurisdicciones del continente, que en casos de asesinato u homicidio, cuando la muerte sigue a la herida, sin que intervenga ninguna otra causa independiente calculada para producir la muerte a no ser la lesión ilegal producida por el acusado, toda evidencia ofrecida para demostrar falta de adecuado tratamiento al interfecto después de la herida y antes de la muerte, debe ser excluída. *El Pueblo* v. *Rodríguez,* 39 D.P.R. 929; *Pueblo* v. *Nieves,* 40 D.P.R. 384; *State* v. *Pell,* 119 N. W. 154; *State* v. *Halk,* 141 P. 149; *People* v. *Lewis,* 124 Cal. 551; *Hamblin* v. *State,* 115 N. W. 850, 8 A.L.R. 521, 39 A.L.R. 1270; *Lawman* v. *State,* 93 So. 69. La razón fundamental para esta regla es que toda persona debe ser responsable de las consecuencias naturales de sus actos.

La regla del derecho común fué expuesta por la Corte Suprema del Estado de Washington en el caso de *State* v. *Baruth,* 47 Wash. 283, 91 Pac. 977, 983, én los siguientes términos:

"Cuando uno infiere a otra persona una herida capaz de poner en peligro o quitarle la vida, no es defensa contra una acusación de

asesinato, formulada al ocurrir la muerte, demostrar que el herido hubiera recobrado la salud si la herida hubiese sido tratada con mayor habilidad. Aún el tratamiento inadecuado o negligente de la herida por parte de la persona que la recibió o por sus médicos, que pueda haber agravado la herida y contribuído a la muerte, no exime de responsabilidad al agresor. Éste debe probar que el tratamiento negligente e inadecuado fué la sola causa de la muerte, antes de que pueda escapar las consecuencias de su acto ilegal por tales fundamentos.''

La instrucción de que se queja el apelante es correcta en cuanto a la regla de que el hecho de no haber recibido el lesionado Asunción Morales el tratamiento médico adecuado no es por sí solo suficiente para eximir de responsabilidad al acusado. En cuanto a aquella parte por la que se instruyó al jurado al efecto ·de que ''el hecho de que Asunción Morales se hubiera negado él mismo a recibir el tratamiento, no exime de responsabilidad a este acusado'', no estamos en condiciones para poder resolver si la instrucción es correcta o errónea, por no conocer la prueba que desfiló ante la corte y que necesariamente hubo de servir a ésta de base para formular sus instrucciones.

En Wharton's *Criminal Law*, Vol. I, 12a. Ed., pág. 260, párr. 202, se expone y comenta la regla, así:

''Un acusado, no importa cuán ilegal haya sido su conducta, no es responsable por los actos de otras personas independientes en contra de la víctima del crimen, sin su connivencia. . . Tampoco lo es cuando el herido se niega a llamar un médico o a someterse a cualquier curación de la herida.

''.      .      .      .      .      .      .      .

''La verdadera línea es ésta: Si el interfecto, estando en la plena posesión de sus sentidos, causó deliberadamente o negligentemente su propia muerte, entonces él y no la persona que le infirió la herida es el responsable de la muerte, aunque el agresor pueda ser procesado por el atentado contra la vida. Empero, cuando la negligencia del interfecto contribuyó a su muerte, esa negligencia no es una defensa, (1) cuando fué uno de los incidentes ordinarios de la conducta de una persona en su situación, o (2) cuando la herida era mortal por necesidad.''

■ No basta que una instrucción sea errónea para justificar la revocación de una sentencia. Es necesario, además, que haya sido perjudicial a los intereses del acusado. No conocemos la evidencia presentada por éste para sostener su defensa. El apelante no ha elevado ante nos la transcripción de la evidencia y no nos ha puesto en condiciones para poder determinar si el error, de haber existido, fué perjudicial. Si el acusado presentó evidencia tendiente a demostrar que la causa sola y próxima de la pérdida de la visión del ojo izquierdo, sufrida por Morales, fué la negativa o resistencia de éste a someterse a un tratamiento médico, en ese caso tendríamos que resolver que la instrucción fué perjudicial a los derechos del acusado, pues si ese testimonio fué presentado y el jurado le dió crédito, el acusado pudo ser declarado culpable de acometimiento y agresión grave y no de mutilación. Por otro lado, si, como parece desprenderse de la instrucción impugnada, la prueba de la defensa solamente tendió a demostrar que Morales no hubiese perdido su ojo si hubiese sido tratado por un oculista, en ese caso tendríamos que resolver que el acusado no fué en manera alguna perjudicado por la instrucción.

■ Esta Corte está obligada a considerar y resolver los casos que le son sometidos, por el récord elevado del tribunal inferior. No estamos autorizados para basar nuestros fallos en hipótesis o conjeturas sobre lo que pasó ante la corte inferior. Es al apelante a quien incumbe poner a esta Corte en condiciones para poder considerar las instrucciones a la luz de la evidencia presentada en el juicio y resolver si se ha causado algún perjuicio al acusado. *Pueblo* v. *Ayala,* 38 D.P.R. 423, 426; *Pueblo* v. *Pou,* 55 D.P.R. 304, 310; *Pueblo* v. *Marrero,* 57 D.P.R. 713.

*La sentencia apelada debe ser confirmada.*