Ex parte Fabriciano Cartagena Hernández, peticionario y apelante. Elías Rodríguez, opositora, y Evaristo Flores, Administrador Judicial, apelados.

Núm. 8476.—*Sometido:* Febrero 1, 1943. *Resuelto:* Abril 28, 1943.

*Luis Mendín Sabat*, abogado del apelante; *J. Calasanz Rivera*, abogado del opositor apelado; *R. Ortiz Pacheco*, abogado del Administrador Judicial, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El peticionario Fabriciano Cartagena Hernández apela de una resolución de la Corte de Distrito de Humacao fechada en 1° de octubre de 1941. El recurso se extiende a dos cuestiones resueltas por la corte inferior, a saber:

(*a*) Denegando la "reconsideración radicada por el peticionario en diciembre 28, 1938, para anular la orden de esta corte, de diciembre 12, 1938, ordenando al administrador judicial a mensurar, cercar y retener bajo su poder y posesión, de la finca de 13 cuerdas, a que se contrae el pleito civil ante esta misma corte, núm. 14105, solamente 8½ cuerdas que se describen en dicha orden, ordenando, a su vez, dar posesión del resto de dicha finca, a su dueña Elías Rodríguez, cónyuge supérstite de Nicasio Cartagena, para que dicho resto quede a la libre disposición fuera de esta administración."

(*b*) Declarando "nulos y sin efecto legal alguno, dos embargos trabados sobre bienes en administración judicial."

Presentada moción de desestimación del recurso por la parte apelada, este tribunal, por resolución de 30 de noviembre de 1942, la declaró con lugar en cuanto a la cuestión (*a*) por no ser la misma apelable de acuerdo con el apartado 3 del artículo 295 del Código de Enjuiciamiento Civil, ya que se trata de una resolución resolviendo una moción de reconsideración; y sin lugar en cuanto a la desestimación de la cuestión (*b*) de dicha resolución por ser ésta una "anulando . . . . un embargo" que está incluída entre las resoluciones apelables que enumera el ya mencionado inciso del artículo 295 del Código de Enjuiciamiento Civil.

Radicada por el peticionario apelante moción interesando la reconsideración por este tribunal de la anterior resolución, la misma fué declarada sin lugar por resolución de 8 de diciembre de 1942.

La parte apelada ha radicado una nueva moción solicitando la desestimación del recurso por ser éste enteramente frívolo y carecer el mismo de finalidad práctica.

■ El segundo error señalado por el apelante en su alegato consiste en que la moción presentada por el administrador judicial en 23 de abril de 1940 solicitando la reconsideración de las resoluciones de la Corte de Distrito de Humacao de 3 de enero de 1940 es tardía por haberse radicado fuera de término. Funda su señalamiento de error en que transcurrieron más de tres meses desde que la corte dictó las resoluciones objeto de la moción del administrador judicial, hasta la fecha en que ésta fué radicada en corte, siendo ésta, por tanto, tardía por no cumplirse las disposiciones del artículo 292 del Código de Enjuiciamiento Civil, según fué enmendado por Ley núm. 67 de 8 de mayo de 1937 (Leyes de 1936–37), pág. 199. Dicho artículo lee como sigue:

"Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición *ex parte* para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. La corte deberá resolver la moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código,

como si no se hubiese presentado petición alguna de revisión o reconsideración. Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.''

Como se ve, para que comience a correr el término fijado por dicha ley, es requisito indispensable que se archive en los autos una copia de la notificación de la sentencia o de la notificación de haberse dictado la resolución.

No apareciendo de la transcripción que tal notificación se hiciera o que una copia de ella fuera archivada en los autos, no tiene este Tribunal base para poder determinar si la moción de reconsideración fué radicada dentro del término legal o tardíamente, según alega el apelante.

El recurso carece de méritos y ha sido presentado en forma tan confusa e ininteligible que se hace poco menos que imposible determinar cuál es la cuestión envuelta en el mismo. De la transcripción de autos no aparece cuándo ni por qué razones se nombró un administrador judicial; cuándo ni por qué razones se decretaron los embargos en los casos civiles números 1310 y 1125 de la Corte de Distrito de Humacao. Tampoco consta cuáles fueron los bienes embargados; o qué bienes estaban en poder del administrador judicial al tiempo de decretarse ambos embargos.

El apelante pretende que esta corte tome conocimiento judicial, no ya como en el caso de *Aponte & Sobrino* v. *Sucn. Pérez* (1935), 48 D.P.R. 449, 451; de una causa judicial seguida ante ella para aplicar ese conocimiento a otra causa que se esté ventilando ante el mismo tribunal, si que de hechos y cuestiones pendientes ante otras cortes.

Es deber de todo apelante ayudar a la corte con su alegato presentando los hechos ordenadamente y haciendo sus alegaciones en forma clara y concisa de manera que el

tribunal pueda darse cuenta de cuál es la controversia de hechos o cuestión legal sometida a su decisión.

La transcripción de autos no solamente está incompleta sino que los autos transcritos no están colocados siquiera en orden cronológico, que es lo menos que ha podido hacer el apelante para cooperar con este tribunal.

Por estas razones creemos que no habiendo el apelante puesto a esta corte en condiciones de enterarse de los méritos de sus alegaciones de error, *debe desestimarse el recurso, declarándose con lugar la moción de desestimación de la parte apelada.*