Diego O. Marrero e Isabel Caballero López, demandantes y apelados, *v.* María Belén Olmeda y Concepción Plá Vda. de Alfaro, demandadas y apelante la segunda.

Núm. 9587.—*Sometido:* Febrero 4, 1948. *Resuelto:* Julio 21, 1948.

*Facundo Sánchez*, abogado de la apelante; *Diego O. Marrero, pro se,* y *Carlos D. Vázquez*, abogados de los apelados.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El 23 de marzo de 1944, las demandadas otorgaron a favor de los esposos demandantes un pagaré por la suma de $2,400, vencedero el día 30 de abril de 1946. El documento, en cuanto es pertinente, dice:

"Nosotras, María Belén Olmeda y Concepción P. Vda. de Alfaro, pagaremos mancomunada y solidariamente al Lcdo. Diego O. Marrero y esposa . . . o a su orden, el día 30 de abril de 1946, la suma de $2,400, valor recibido en préstamo, y nos obligamos también mancomunada y solidariamente a pagar intereses al 9 por ciento anual en caso de demora y las costas y gastos que ocasione el cobro de esta deuda y los honorarios de abogado que utilicen los acreedores o endosatarios en caso de reclamación judicial.

". . . . . El pago de esta obligación se hará mediante abonos de plazos mensuales de cien dólares ($100), los cuales se obliga a hacer la Sra. María Belén Olmeda, el día último de cada mes, empezando con el primer pago el día 30 de abril de 1944, por lo que terminará de pagar esta deuda el día 30 de abril de 1946; entendiéndose, que la falta de verificar el pago de tres mensualidades, implicará el vencimiento de esta obligación a opción del tenedor de la misma, pudiéndose proceder a su cobro por la vía judicial. . . . . Renunciamos el derecho de aviso, presentación y protesto."

En la demanda original se alegó que las demandadas pagaron las mensualidades vencidas del primero de mayo, de junio, de julio y de agosto, pero dejaron de pagar y están adeudando las vencidas en los días primeros de septiembre, octubre, noviembre y diciembre de 1944 y primero de enero de 1945; que la falta de pago de tres mensualidades da de-

recho al tenedor del pagaré a declarar vencida toda la deuda; y que no obstante haber sido requeridas de pago, las demandadas no lo han efectuado. Se pide sentencia por la suma de $2,000 "con más los intereses al tipo fijado en la obligación hasta el total solvento de la deuda, costas, gastos y honorarios de abogado."

En abril 24 de 1945, la demandada Concepción Plá vda. de Alfaro compareció especialmente para impugnar la validez del emplazamiento, alegando (a) que el mismo no había sido expedido de acuerdo con la fórmula 1 del Apéndice a las Reglas de Enjuiciamiento Civil; (b) que no se ajustó a lo dispuesto en el inciso (a) de la Regla 4 de las citadas Reglas; y (c) que el diligenciamiento no se hizo de acuerdo con lo dispuesto en el apartado (8) del inciso (d) de la citada Regla 4. Declarada sin lugar la moción para anular el emplazamiento, la demandada viuda de Alfaro contestó la demanda negando los hechos esenciales de la misma y alegando como defensas especiales: (1) insuficiencia de los hechos alegados para constituir causa de acción contra dicha demandada; (2) que el contrato de préstamo entre el demandante y la codemandada viuda de Alfaro es nulo por falta de consideración; (3) que los intereses cobrados por el préstamo son de carácter usurario por exceder del tipo autorizado por la Ley, siendo por tanto nulo el préstamo; (4) que de la faz de la demanda se desprende que los demandantes han concedido dos prórrogas a la deudora principal, María Belén Olmeda, sin conocimiento ni consentimiento de la codemandada Alfaro, hecho que extingue la obligación de ésta como fiadora o garantizadora; y (5) que la obligación fué originalmente garantizada por una póliza de seguros por $5,000 sobre la vida de la deudora principal, por medio de un beneficio preferente a favor de los demandantes hasta la suma del préstamo; que más tarde dicho beneficio fué extendido hasta el total de la póliza, en saldo de la deuda, siendo los demandantes, según creencia de la

demandada, quienes como beneficiarios de la póliza pagan las primas; y que no teniendo la deudora principal otras propiedades, la cesión de la totalidad de la póliza a los demandantes extingue la obligación contraída por la deudora principal y exime a la codemandada Alfaro de toda responsabilidad como garantizadora.

En septiembre 18, 1945, los demandantes radicaron una demanda enmendada en la cual renunciaron los $400 de intereses reclamados originalmente y redujeron la cuantía de la reclamación a la suma de $1,600 de principal, más las costas y gastos y la suma que la corte considerase razonable como honorarios de abogado. En una segunda demanda enmendada los demandantes reclamaron el pago de intereses al 9 por ciento anual desde la fecha de la obligación hasta su total pago.

El 24 de octubre de 1946 la corte inferior dictó sentencia condenando a las demandadas a pagar mancomunada y solidariamente a los demandantes la cantidad de $1,600 de principal, más intereses de mora al 9 por ciento anual sobre dicha suma a contar del 18 de septiembre de 1945, fecha de la renuncia por escrito al cobro de los intereses usurarios, hasta su definitivo pago, más las costas y desembolsos, sin incluir honorarios de abogado "por no existir temeridad por parte de las demandadas, ya que se defendían de un contrato que envolvía intereses usurarios." La sentencia fué enmendada más tarde, concediéndose a los demandantes honorarios por la suma de $150.

No estando conforme la demandada Concepción P. Vda. de Alfaro instó el presente recurso, imputando a la corte inferior la comisión de diez errores. Los consideraremos en el orden en que han sido señalados.

■■ Que la corte inferior erró al declarar sin lugar la moción sobre nulidad del emplazamiento de la demandada apelante.

En vano hemos buscado en el legajo de la sentencia una copia del emplazamiento y del diligenciamiento del mismo. Es a la parte apelante a la que corresponde poner a esta Corte en condiciones para poder considerar y resolver si en la expedición del emplazamiento y en su diligenciamiento se observaron los preceptos de las Reglas de Enjuiciamiento Civil. A falta de esos documentos debe prevalecer la presunción de que la resolución de la corte inferior es correcta.

 No erró la corte inferior al sostener que la demanda aducía hechos suficientes para constituir causa de acción.

Tampoco erró al declarar sin lugar la "moción sobre decreto declaratorio", radicada por la demandada apelante más de un mes después de haber radicado su escrito de apelación. En la moción se pedía a la corte sentenciadora que interpretara la "Relación del Caso y Opinión", dictada por ella como base de su sentencia, y resolviese que la demanda no aducía causa de acción. La corte actuó correctamente al resolver que la moción era en efecto una moción sobre reconsideración de la sentencia y como tal improcedente "por haber la codemandada apelado para la Corte Suprema y haber perdido por tanto nuestra jurisdicción".

 En estos dos señalamientos se alega que la corte sentenciadora erró (a) al decidir que la demandada apelante se obligó como deudora solidaria y no como fiadora y (b) al desestimar la defensa especial de nulidad del contrato de préstamo por falta de consideración.

El pagaré, según hemos visto, comienza diciendo: "Nosotras, María Belén Olmeda y Concepción P. Vda. de Alfaro, pagaremos *mancomunada* y *solidariamente* al Ledo. Diego O. Marrero y esposa". Y más adelante dice: "El pago de esta obligación se hará mediante abonos de plazos mensuales de Cien Dólares ($100.00), los cuales se obliga a hacer la Sra. María Belén Olmeda, el día último de cada mes, etc." La corte inferior resolvió "que el hecho de que María Be-

lén Olmeda asumiera la obligación de saldar el importe de la deuda mediante abono de plazos mensuales de $100 no le quita a dicha deuda el carácter de solidaria."

La demandada apelante no ha impugnado la autenticidad del pagaré, lo que equivale a admitirla con arreglo al artículo 119 del Código de Enjuiciamiento Civil. Siendo auténtico el pagaré, éste tiene el mismo valor que la escritura pública entre los otorgantes y sus causahabientes, según el artículo 1179 del Código Civil de 1930. *Cintrón & Aboy* v. *Solá,* 22 D.P.R. 262.

En *Santini Fertilizer Co.* v. *Flores,* 40 D.P.R. 407, la demandada, quien como en este caso se había constituído en deudora solidaria de un pagaré, alegó como defensa que ella firmó el pagaré como fiadora, sin ser el dinero tomado a préstamo para uso y beneficio de la demandada. El recurso de apelación interpuesto por ésta fué desestimado por ser considerado frívolo, expresándose el Tribunal así:

"No encontramos que pueda ser una buena defensa en un deudor solidario el alegar que firmó el pagaré como fiador de su codeudor. Y en cuanto a que la demandada Ruperta Flores no haya tomado los géneros ni suscrito el pagaré en beneficio de la sociedad de gananciales, tampoco encontramos que sea ésta una buena defensa. Es posible que la sentencia no tenga fácil ejecución sobre bienes de la sociedad de gananciales de la demandada; pero es también indudable que el haber firmado la obligación para complacer a su hermano Gerardo Flores no constituye para ella una defensa meritoria."

En *Galeno* v. *Abruña,* 40 D.P.R. 801, resolvimos que "cuando una persona en unión a otra suscribe un pagaré solidario, se constituye en deudor principal, de acuerdo con el caso de *Cintrón & Aboy* v. *Solá,* 22 D.P.R. 262, 268" y que "según decidió la corte inferior, no importa que el dinero prestado, la causa (*consideration*) del pagaré, pasara exclusivamente a la otra persona. No existe contrato de fianza a menos que las partes así lo convengan, y no hallamos en

la prueba que mediara tal convenio.'' Véase: *Bennett et al. v. Boschetti, et al.,* 31 D.P.R. 855.

En *National City Bank* v. *Llonín,* 41 D.P.R. 163, se resolvió, copiando del sumario, que ''uno que, para servir o beneficiar a otros y sin tener el carácter de deudor directo, firme como deudor solidario un documento en que se contiene una obligación de pagar, establece en dicho documento la ley del contrato—en cuanto a ser tal deudor solidario y no un fiador—como última expresión de la voluntad de las partes y a ella, por tanto, queda sometido como tal deudor solidario.'' Se resolvió, además, que ''el que firma como deudor solidario un documento mediante el que procede el acreedor en una forma determinada, está en un caso de impedimento (*estoppel*) para negar.''

De acuerdo con el testimonio del demandante, al cual dió crédito la corte sentenciadora, él no le hubiera entregado los $2,000 a Belén Olmeda si el pagaré no hubiese tenido la firma de la señora viuda de Alfaro ''como deudora mancomunada y solidariamente.'' Declaró, además, el demandante, que la señora Alfaro le había dicho en varias ocasiones que Belén Olmeda le había entregado $800 del préstamo, para pagar una deuda que tenía con otra persona. La señora Olmeda declaró que el dinero que le tomaron al Sr. Marrero era para distribuirlo una parte para la señora Olmeda y otra para la demandada señora Alfaro.

No erró la corte inferior al resolver que la demandada se había obligado como deudora solidaria y que existía causa suficiente para la validez del contrato.

■ Alega la apelante que la corte inferior erró al desestimar la defensa de que la concesión de prórrogas por los demandantes a la deudora señora Olmeda extinguió la obligación de la señora Alfaro como fiadora.

No hubo tal error. El artículo 1750 del Código Civil (1930) que dispone que ''la prórroga concedida al deudor por el acreedor sin el consentimiento del fiador extingue la

fianza'', no es aplicable en este caso en el que se trata, según hemos resuelto, de dos deudores solidarios y no de un deudor principal y un fiador.

De acuerdo con la prueba, en la fecha en que se radicó la demanda, las demandadas habían satisfecho las cuatro mensualidades vencidas el día primero de los meses de mayo, junio, julio y agosto de 1944 y estaban adeudando las cinco mensualidades correspondientes a los meses de septiembre a diciembre de 1944 y enero primero de 1945. Sostiene la demandada apelante que si la suma de $400, importe de los intereses renunciados en el acto del juicio por los demandantes, fuese aplicada al pago de los plazos vencidos en los meses de septiembre, octubre, noviembre y diciembre de 1944, resultaría que en la fecha en que se radicó la demanda original las demandadas estaban adeudando solamente el plazo correspondiente al día primero de enero de 1945, en cuyo caso la demanda no aduciría hechos suficientes para constituir causa de acción.

No estamos conformes con la contención de la parte apelante. La renuncia de los intereses, hecha por los demandantes en el momento de la vista, no puede tener el efecto de subsanar la falta de pago en que habían incurrido las demandadas en la fecha en que se radicó la demanda. Si las demandadas creían tener derecho a no pagar intereses sobre los $2,000 que recibieron en calidad de préstamo, por considerar que dichos intereses eran usurarios, ellas debieron abstenerse de pagar la parte correspondiente a los intereses y pagar la parte correspondiente a la amortización del préstamo. Al no hacerlo así, incurrieron en falta de pago de cinco mensualidades, lo cual daba derecho a los demandantes a reclamar judicialmente el pago del préstamo.

Los señalamientos restantes son tan claramente frívolos que no merecen ser discutidos.

*La sentencia recurrida será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.