El Pueblo de Puerto Rico, demandante y apelado, *v.* Teodoro Félix Vantapool, acusado y apelante.

Núm. 14061.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 18, 1949.

538

*Luis C. Trigo* y *Juan Ramírez Viñas,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco,* y *J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Teodoro Félix Vantapool hirió a Clara Pérez Otero en el lado izquierdo de la cara con una navaja de seguridad. Con tal motivo, el fiscal le acusó de los delitos de mutilación y portar armas prohibidas, siendo la médula del primero el haber quedado la perjudicada "permanentemente desfigurada de su rostro" a consecuencia de la herida recibida. Las dos acusaciones fueron vistas conjuntamente, y rendido veredicto condenatorio por el jurado en el caso de mutilación, la corte le impuso de uno a diez años de presidio con trabajos forzados. En el de portar armas la corte declaró culpable al acusado a base de la misma prueba y le sentenció a sufrir tres meses de cárcel. Se apeló de ambas sentencias.

Insiste en primer lugar el acusado en que fué un error de la corte inferior el no rebajar la calificación del delito de mutilación a acometimiento y agresión grave. Se funda principalmente en que no hubo prueba que tendiera a demostrar

que la perjudicada había quedado "permanentemente desfigurada en su rostro".

■ El artículo 212 del Código Penal, según quedó enmendado por la Ley núm. 174 de 22 de marzo de 1946 (pág. 289), copiado textualmente reza así:

*"Toda persona que ilegal y maliciosamente privare a algún ser humano de un miembro de su cuerpo,* o lo mutilare, desfigurare o inutilizare, o le cortare o mutilare la lengua, sacare un ojo, sajare la nariz, oreja o labio, *desfigurare su rostro* o alterare permanentemente la apariencia de su rostro o inutilizare permanentemente su capacidad para oír, ver o hablar, *será reo del delito de mutilación."* (Bastardillas nuestras.)

Del estatuto mismo no se desprende con toda claridad que para que constituya el delito de mutilación la desfiguración del rostro ha de ser permanente. Sin embargo, no otra puede haber sido la intención del legislador. De no ser así, la desfiguración más pasajera del rostro tendría que considerarse como constitutiva del delito, como por ejemplo un puñetazo o un arañazo en la mejilla. Resolvemos, por tanto, que para que bajo el estatuto actual la desfiguración del rostro constituya el delito de mutilación, la misma deberá haber sido de carácter permanente.

■ ¿Se probó la desfiguración permanente en este caso? Al finalizar el examen directo de la perjudicada, el fiscal le pidió a ésta que se bajara de la silla testifical y le indicara al jurado en qué sitio fué que la hirió el acusado. Accedió a ello la perjudicada y el fiscal hizo la siguiente observación en alta voz: "Se señala una cicatriz en el lado izquierdo de la cara que comienza desde el punto detrás de la sien izquierda a todo lo ancho de la cara hasta terminar en la quijada izquierda." A esa observación nada dijo el acusado, asintiendo así aparentemente con su silencio a las manifestaciones del ministerio público. "Desfigurar", según el Diccionario de la Lengua Española, Décimosexta Edición de 1939, pág. 438, significa "desemejar, afear, ajar la composición, orden y hermosura del semblante y de las facciones."

540

De acuerdo con la prueba aducida y por sus propias observaciones, el jurado tenía derecho a concluir que el rostro o semblante de la perjudicada Clara Pérez Otero había quedado desemejado, afeado, ajado en su composición, orden y hermosura, en otras palabras que había quedado "desfigurado", así como que la desfiguración había sido permanente. 57 C.J.S. 472, sec. 11(a). No se ha cometido el primer error señalado.(¹)

En segundo lugar alega el apelante que "la corte erró al no instruir al jurado sobre los elementos del delito de violación (sic)(²) siendo su deber instruirlo únicamente sobre acometimiento y agresión grave". Como las instrucciones trasmitidas no han sido elevadas, no estamos en condiciones de discutir este error. *Marrero* v. *Olmeda,* 69 D.P.R. 217, 222; *Pueblo* v. *Pérez,* 61 D.P.R. 470, 473; *Pueblo* v. *Marrero,* 57 D.P.R. 713, 714.

Ningún error imputa el acusado a la corte inferior en relación con el delito de portar armas, por lo que su apelación en relación con el mismo debe ser desestimada. *Pueblo* v. *Díaz,* 69 D.P.R. 621, 630; *Pueblo* v. *Colón,* 68 D.P.R. 893, 894.

*Deben confirmarse las sentencias apeladas.*

---

(¹)Para una interpretación del artículo 212 del Código Penal antes de ser enmendado en 1946, véase el caso de *Pueblo* v. *Beltrán,* 64 D.P.R. 885.

(²)Sin duda el apelante ha querido referirse al delito de mutilación y no al de violación. Así lo da a entender al discutir el segundo error.