# 95 DTA 41

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE Y AIBONITO PANEL II

EL PUEBLO DE PUERTO RICO

v.

JOSE A. FOURQUET ALVAREZ

Núm. KLCE-95-00058

San Juan, Puerto Rico, a 30 de marzo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

## TEXTO COMPLETO DE LA SENTENCIA

El Ministerio Público recurre de una determinación del Tribunal de Distrito, Sala de Yauco, en la que se desestimó la denuncia presentada contra el aquí recurrido por no imputar la comisión de delito, según se dispone en la Regla 64 (a) de Procedimiento Criminal. Alega la parte recurrente que erró el tribunal de instancia ya que la falta señalada --que no se especificaba en la denuncia cuáles eran los actos constitutivos de intención criminal-- constituye en realidad una cuestión fáctica a ser dilucidada en juicio y no una alegación indispensable en la adecuada redacción de una denuncia.

### I

El recurso ante nuestra consideración contiene numerosas faltas a las disposiciones del Reglamento del Tribunal de Circuito de Apelaciones, aprobado por el Tribunal Supremo de Puerto Rico el 13 de enero de 1995. En primer lugar, ignorando lo dispuesto en la Regla 19 (A) de dicho Reglamento, en el epígrafe del recurso no se identifica a las partes como *"peticionario"* y *"recurrido"*. Tampoco se expresa, como dispone el inciso (B) de la misma regla, las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal; el peticionario sólo hace referencia al Código de Enjuiciamiento Civil. No se hace constar en el documento --ni en el encabezado ni en una sección separada-- el Circuito Regional en que se presenta la petición, requisito establecido en el inciso (B) (3). Además, en contravención al inciso (C) de la Regla 19 el recurso carece de la cubierta donde debe indicarse el nombre, dirección, teléfono y número de colegiado de los abogados de las partes.

A pesar de que la controversia planteada gira en torno al contenido de la denuncia, el peticionario no incluyó apéndice en su recurso, según lo exige la Regla 19 (e), por lo que no contamos con copia de la misma, ni de la resolución recurrida. Resulta imposible, por lo tanto, evaluar los méritos de sus señalamientos.

Las disposiciones reglamentarias sobre los recursos presentados ante un Tribunal son de estricto cumplimiento, y no están sujetas al arbitrio de los abogados. *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 659 (1959); *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R.

428, 430 (1975), *Matos v. Metropolitan Marble Co.,* 104 D.P.R. 122, 125 (1987). En el caso de autos, el incumplimiento del peticionario con el Reglamento del Tribunal de Circuito de Apelaciones no incide solamente en los requisitos de forma, sino que nos impide estar en condición de evaluar los méritos de sus alegaciones. Cuando el peticionario no pone al tribunal en posición de enterarse de los méritos de los errores que señala, su recurso debe desestimarse. Ver *Escalera v. Armenteros,* 74 D.P.R. 11, 17 (1952); *Marrero v. Olmeda,* 69 D.P.R. 217, 222 (1948); *Ex parte Cartagena,* 61 D.P.R. 811, 814 (1943). En ausencia de justificación alguna para las numerosas faltas señaladas, resolvemos ordenar la desestimación del recurso.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General