# 95 DTA 73

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO PANEL I

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ALBERTO RUIZ MERCADO
Acusado

Núm. KLCE-95-00189

San Juan, Puerto Rico, a 28 de abril de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Ministerio Fiscal solicita la revisión de una determinación del Tribunal de Primera Instancia declarando con lugar la Moción de Supresión de Evidencia radicada por el acusado. Alega la parte peticionaria que erró el Tribunal de Primera Instancia al resolver la moción sin la celebración de vista evidenciaria cuando, según se sostiene en el recurso, de la moción *"surge que existe una controversia sustancial de hecho, capaz de ser dilucidada sólo en una*

*vista"*. Examinado el recurso, resolvemos que procede decretar su desestimación.

## I

Argumenta la parte peticionaria que el tribunal recurrido actuó de forma contraria a derecho al adjudicar cuestiones de credibilidad basándose exclusivamente en los escritos ante su consideración. Sostiene que los argumentos del acusado se basan en la alegada imposibilidad física de los eventos narrados por el agente de policía que realizó el registro, y que ello origina una controversia de hechos dirimible exclusivamente a través de vista evidenciaria.

Ciertamente, en el Acta que precede a la Resolución recurrida, se hace constar que el Tribunal ha examinado la moción de supresión de evidencia, la declaración jurada del agente que intervino con el acusado, la transcripción del testimonio de aquel durante la vista preliminar y la moción en oposición radicada por el Ministerio Fiscal. ▮ para resolver a continuación que *"analizados todos los aspectos de credibilidad y derecho aplicable [sic] esta circunstancia se declara con lugar la Moción de Supresión de Evidencia"*. Sin embargo, la parte peticionaria no incluye en el *Certiorari* radicado ante este Tribunal copia de la declaración jurada del agente, ni de la transcripción de su testimonio durante la vista preliminar, cuando evidentemente esos documentos resultan medulares para analizar la controversia. Con esta omisión injustificada el peticionario impide que este Tribunal esté en posición de evaluar los méritos de su reclamo.

Dispone la Regla 19, inciso E (4) del Reglamento del Tribunal de Circuito de Apelaciones que la petición de *certiorari* incluirá un apéndice que contendrá una copia literal de *"cualquier otro documento que forme parte del récord en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones para tomar su decisión sobre la expedición del auto"*. Cuando debido a una deficiencia en un escrito el promovente del recurso no pone al Tribunal en condiciones de enterarse de los méritos de los errores que señala, su recurso deberá desestimarse. *Escalera v. Armenteros,* 74 D.P.R. 11, 17 (1952); *Pueblo v. Ventapool,* 79 D.P.R. 537, 540 (1949); *Marrero v. Oldema,* 69 D.P.R. 217, 222 (1948); *Ex parte Cartagena,* 61 D.P.R. 811, 814 (1943).

El Tribunal de Primera Instancia puede decidir no celebrar una vista antes de emitir un fallo con relación a una Moción de Supresión de Evidencia, cuando los documentos ante su consideración no demuestren la existencia de una controversia sustancial de hechos. Ver *Pueblo v. Maldonado Rivera,* ___ D.P.R. ___ (1994), **94 J.T.S. 39.** La corrección de esta determinación no puede ser revisada, sin embargo, cuando el tribunal apelativo carece de los elementos necesarios para formar juicio sobre el particular. Esa es precisamente, la situación en el recurso de epígrafe, por lo cual resolvemos desestimarlo.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 73**

**1.** Dicho sea de paso, en la referida moción el Fiscal no solicitó la celebración de una vista para discutir la Moción de Supresión de Evidencia.