# 96 DTA 97

## TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE CAROLINA Y FAJARDO

FRANCISCO LEVY HIJO, INC.
Demandante-Recurrido

v.

CARIBE GENERAL ELECTRIC, INC.
Demandada-Recurrente

Núm. KLCE-96-00283

San Juan, Puerto Rico, a 29 de mayo de 1996

Panel integrado por su presidenta, la Juez Rivera de Martínez,
y los Jueces Martínez Torres y Rodríguez García

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso ante nos fue presentado el 2 de abril de 1996. Recurre la peticionaria de dos resoluciones emitidas por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina; la primera de ellas dictada el 30 de enero de 1996 y notificada a las partes el 6 de febrero de 1996. La segunda, de fecha 29 de febrero de 1996 fue notificada el 5 de marzo de 1996.

De acuerdo con la Petición de *Certiorari*, en ambas resoluciones el tribunal dispuso No Ha Lugar. A la solicitud de sentencia sumaria hecha por la parte demandante-recurrida, en primer término, y luego a varias mociones de la co-demandada, aquí peticionaria, Caribe General Eletric, oponiéndose y replicando a la solicitud de sentencia sumaria y solicitando a su vez la desestimación sumaria de la reclamación.

Determinó el tribunal que la desestimación era académica conforme a su decisión anterior de que existían controversias de hechos que no justificaban la concesión de la sentencia sumaria. Caribe General Electric solicitó reconsideración de dicha determinación y el tribunal dispuso No Ha Lugar.

En síntesis plantea-como error la peticionaria que el tribunal de instancia no actuó correctamente al declarar académica y dejar sin resolver la moción de desestimación, por las razones antes expresadas.

El 11 de abril de 1996, la parte demandante-recurrida compareció mediante escrito titulado: *"Solicitud de Desestimación por Craso Incumplimiento de la Regla 19(E) del Reglamento del Tribunal*

*de Circuito de Apelaciones".* Planteó dicha parte, que en el Apéndice que uniera como parte de la Petición de *Certiorari* la parte peticionaria, no incluyó las alegaciones de las partes ni escrito alguno de los presentados por el demandante-recurrido en lo que respecta a los asuntos planteados mediante el recurso instado. Es decir, que el peticionario no perfeccionó el recurso al no haber hecho formar parte del Apéndice, la demanda, la contestación a la demanda, la solicitud de sentencia sumaria que motivó las resoluciones recurridas y otros documentos.

## I

Surge del Apéndice que la peticionaria incluyó únicamente los siguientes documentos presentados por dicha parte ante el tribunal de instancia:

*"(1) Su solicitud de reconsideración y petición al tribunal de que a su vez declare con lugar la sentencia sumaria promovida por ella.*

*(2) Su réplica.*

*(3) El escrito titulado "Mociones de la Parte Demandada", oponiéndose a la moción de sentencia sumaria de la parte demandante, aquí recurrida, y solicitando disposición sumaria del caso a su favor.*

*(4) Un anuncio de prensa sobre la subasta.*

*(5) Las resoluciones del tribunal de fechas 13 de diciembre de 1995; 30 de enero de 1996 y 29 de febrero de 1996."*

Ciertamente no figura escrito de oposición, réplica o reconsideración alguno de la parte recurrida. Tampoco hay copia de la demanda, ni de la contestación a la misma, y más aún, no hay copia de la solicitud de sentencia sumaria que desencadena todas las variadas mociones de las partes y resoluciones posteriores del tribunal que originan el presente recurso.

Con los escritos promovidos por la peticionaria únicamente no contamos con todos los elementos de juicio necesarios para poder resolver el recurso instado de la manera más justa.

En lo referente al contenido del apéndice, la Regla 19(E) del Reglamento del Tribunal de Circuito de Apelaciones aprobado el 3 de febrero de 1995 ■ dispone lo siguiente:

(E) La petición incluirá un apéndice que contendrá una copia literal de:

*"(1) las alegaciones de las partes;*

*(2) la decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluso las conclusiones de hecho y de derecho en que esté fundada, si las hubiere;*

*(3) cualquier otra resolución, orden o escrito de cualesquiera de las partes que forme parte del legajo en el Tribunal de Primera Instancia y en que esté discutido cualquier otro asunto planteado en la petición de certiorari;*

*(4) cualquier otro documento que forme parte del récord en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones para tomar su decisión sobre la expedición del auto."*

Un recurso que carece de un apéndice con los documentos necesarios para poner a este Tribunal en posición de resolver, nos impide considerar sus méritos. *Maldonado v. Pichardo,* 104 D.P.R. 778, 783 (1975); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 124-25 (1975); *Escalera v. Armenteros,* 74 D.P.R. 11, 17-18 (1952), y casos allí citados; *Pueblo v. Vantapool,* 70 D.P.R. 537, 540 (1949). Véanse también, como ilustrativos ya que no constituyen precedente: *Centeno v. Pacheco,* Núm. KLAN-95-00500, Sentencia de 22 de junio de 1995, **95 D.T.A. 187** (Circuito Regional V de Ponce y Aibonito, Panel I); *Zeta Enterprises, Inc. v. E.L.A.,* Núm. KLCE-95-00593, Resolución de 18 de

septiembre de 1995 (Circuito Regional I de San Juan, Panel I); *Pueblo v. Ruiz Mercado,* Sentencia de 28 de abril de 1995, **95 D.T.A. 73** (Circuito Regional V de Ponce y Aibonito, Panel I); *Pueblo v. Merced,* Núm. KLCE-95-00254, Sentencia de 26 de abril de 1995 (Circuito Regional II de Bayamón, Panel II). El panel para este Circuito Regional VII de Carolina y Fajardo ha resuelto de igual forma en ocasiones anteriores: *López v. Puerto Rico Property Services, Inc.,* Núm. KLAN-95-01038, Resolución de 31 de octubre de 1995; *Gómez Hurtado v. Fong,* Núm. KLAN-95-00650, Resolución de 30 de junio de 1995; *Almodóvar Marchany v. Asoc. Condóminos Cond. Dos Marinas II,* Núm. KLCE-95-00069, Resolución de 14 de junio de 1995; *Torres Concepción v. Negrón Rodríguez,* Núm. KLCE-95-00270, Resolución de 23 de mayo de 1995; *B. F. Mortgage Bankers v. Berger Lazarous,* Núm. KLCE-95-00110, Resolución de 10 de abril de 1995.

De otra parte, la Regla 31 del Reglamento de este Tribunal provee para la desestimación de un recurso cuando el mismo no se ha presentado o proseguido con diligencia o de buena fe.

**II**
Por los fundamentos que anteceden se desestima el recurso instado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIO 96 DTA 97

**1.** A partir del 1 de mayo de 1996, se implantó un nuevo Reglamento para atemperarlo a las disposiciones de las leyes aprobadas el 25 de diciembre de 1995, para tener vigencia el 1 de mayo de 1996, las cuales reestructuraron de forma significativa la reforma judicial en cuanto a la competencia de los tribunales y las reglas relativas a los procedimientos. En este caso prevalece el Reglamento anterior.